JOY et al. v. CITY OF TERRELL et al.

(Court of Civil Appeals of Texas. Dallas. May 13, 1911. Rehearing Denied June 3, 1911.)

1. MUNICIPAL CORPORATIONS (§ 272*)—FRANCHISES.

That a city had granted a franchise to a corporation to furnish lights did not preclude it from granting a similar right to another corporation or from exercising the right itself.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 727; Dec. Dig. § 272.*]

2. STATUTES (§ 107*)—TITLE AND SUBJECT OF ACT—CONSTITUTIONAL PROVISIONS.

Acts 30th Leg. c. 117, entitled "An act to authorize the city council of all cities and towns of over 2,000 population, * * * to regulate the rates to be charged by all water, gas, light, * * * companies for lighting," and providing that "such city may establish and operate all necessary plants to manufacture * * * light," etc., and authorizing, in section 6, the city council of such city to establish and operate necessary plants for the manufacture of light, etc., does not contravene Const. art. 3, § 35, providing that no bill shall contain more than one subject which shall be expressed in its title, etc.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 121–134; Dec. Dig. § 107.*]

3. STATUTES (§ 64*)—PARTIAL INVALIDITY—TITLE AND SUBJECT OF ACT.

If a statute contains, and its title expresses, two or more subjects, the whole will be held to be void, since it cannot be known which the Legislature would have preferred to omit, had it known both could not be included in the same act.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 58–66, 195; Dec. Dig. § 64.*]

4. STATUTES (§ 61*)—CONSTRUCTION—CONSTITUTIONAL PROVISIONS—TITLE AND SUBJECT OF ACTS.

In determining what statutes follow the constitutional provision requiring them to contain only one subject which shall be expressed in the title, the courts will not pronounce a statute unconstitutional unless it is clearly shown to be such, and both the statute and the constitutional provisions will be liberally construed with a view of sustaining the legislative action.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 56, 196; Dec. Dig. § 61.*]

Error from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by M. A. Joy and others against the City of Terrell and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

William Thompson and Lively, Nelms & Adams, for plaintiffs in error. Bond & Bond, for defendants in error.

TALBOT, J. This action was brought by M. A. Joy and the Terrell Electric Light Company against the city of Terrell and the executive officers of said city, alleging, in substance, that the city of Terrell is a municipal corporation chartered and acting under the general laws of the state of Texas as set forth in title 18 of her Revised Civil Statutes; that the plaintiffs M. A. Joy and the Terrell Electric Light Company resided

in said city of Terrell, and are property owners and taxpayers therein; that said city of Terrell for certain valuable considerations by a valid ordinance granted to plaintiff the Terrell Electric Light Company a franchise authorizing it to erect and operate an electric light plant in said city of Terrell; that plaintiff complied in all things with the provisions of said ordinance, and that the same became and was a contract by and between the city of Terrell and the plaintiff the Terrell Electric Light Company, by reason of which said company was induced to and did erect, at an expense of $25,000, an electric light plant in said city of Terrell for the use and convenience of said city and the inhabitants thereof. Plaintiffs further allege that the defendants, acting through the city council, procured the submission to the voters of said city of a proposition to erect by and at the expense of said city an electric light plant, said plant to be used for the purpose of lighting said city, and for the further purpose of engaging in the commercial enterprise of selling light, heat, and power to the citizens of said city and other persons for use in their private residences and places of business; that the defendants threatened to expend large sums of money of the city and other funds wholly derived from taxation of plaintiffs' and other citizens of said city of Terrell's property in the purchase of material, poles, wire, and machinery and appliances for the purpose of establishing a light, power, and heating system for the purpose of furnishing incandescent and other lights and power and heat to certain citizens of said city to be used in their private houses, and for the benefit of other private citizens; that defendants were without authority of law to engage in the commercial business of furnishing lights or power or heat to private individuals and companies to be used in their private business, either for pay or as a gratuity, and that the erection of said plant for said purpose was without authority of law, and was ultra vires and void, and in contravention and violation of the laws and Constitution of this state and of the charter under which said city of Terrell was operating; that it would be inequitable and unjust for the defendant, the city of Terrell, after having by its franchise and ordinance pleaded induced plaintiff to expend large sums of money in the erection and maintenance of the electric light and power plant in said city of Terrell and the acceptance of said grant to supply the needs of said city and its citizens, to tax the property of this plaintiff for the support of an electric light, power, and heating plant furnishing commercial light, power, and heat in competition with this plaintiff, and prayed for the issuance of a temporary restraining order against the defendants, and that upon a final hearing the same be made permanent. The defendants answered said petition, and by their first amended original answer demurred generally and specially to said petition, and upon a hearing the court sustained their general demurrer, and, the plaintiffs declining to amend, the cause was dismissed. From this judgment the plaintiffs prosecute this writ of error and complain of the court's action in sustaining the defendants' general demurrer to their petition.

[1] There was no error, we think, in this action of the court. The facts set forth in the petition of the plaintiffs in error, who will hereafter be referred to as plaintiffs, did not entitle them to the relief sought. That the city of Terrell had granted to plaintiffs a franchise to furnish the inhabitants thereof with light did not preclude the city on the theory that such action would impair the obligation of its contract with plaintiffs, or, in view of such contract, would be inequitable, from granting a similar right to another or from exercising the right itself. The franchise of plaintiffs was not exclusive, and, as said by this court in Crouch v. City of McKinney, 47 Tex. Civ. App. 54, 104 S. W. 518, "had such a right been granted by the city it would have been void, as the power to grant such a franchise did not exist in the city." The proposition that municipal corporations have only those powers which are expressly granted to them by their charter and none can be implied except those which are essential to the declared offices and purposes of the corporation is doubtless correct, but the conclusion of plaintiffs, to the effect that the city of Terrell has no express authority under the statutes of this state to manufacture, generate, or produce electricity for lights or heat and to sell and distribute the same to the inhabitants of said city, cannot be maintained. While the general law under which the city of Terrell was incorporated may not have conferred that power, yet section 6 of the act of the Thirtieth Legislature (Laws 1907, p. 217) provides as follows: "The city council of all cities and towns in the state of Texas incorporated under the general laws thereof shall have the power where it owns the plant to regulate by ordinance the rates and compensation to be charged the public by said city or town for water, sewerage, gas, electricity or other fluid or substance used for lights, heat or power; to establish and operate necessary plants for the manufacture, generation or production thereof, and to sell and distribute the same to the public within and throughout the limits of any such city or town." That this statute expressly conferred upon the city of Terrell the right and power to do that which the plaintiffs by their suit sought mainly to restrain them from doing, namely, establishing and operating a plant for the manufacture, generation, or production of electricity for light, heat, or power to be sold and furnished to private individuals of said city, or for private purposes, is clear, and the plaintiffs do not insist that such is not the effect of this provision of the law.

[2] But the contention is that the act of 1907, in which the section quoted above is found, is void for the reason that it is in contravention of section 35, art. 3, of the organic law of this state, which reads: "No bill shall contain more than one subject, which shall be expressed in its title, but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to 'so much thereof as shall not be expressed.'" The title of the act is as follows: "An act to authorize the city council of all cities and towns of over two thousand population incorporated under the general laws of this state to regulate and fix the rates to be charged by all water, gas, light and sewer companies, or persons engaged in supplying water, gas, light and sewer service to the public within the limits of said cities or towns and occupying the streets or other public places for that purpose, and to prescribe reasonable rules and regulations therefor; to require such companies and persons to make and file annual reports giving full publicity as to its properties, earnings and expenses, and to protect any such companies, corporations or persons from imposition; to prevent any mayor or member of the city council from accepting any lower rate for water, gas, light or sewer service than the regularly established rate, or any frank, privilege or right from any of said companies, corporations or persons, directly or indirectly, providing penalties therefor, and making it unlawful for any such corporation, company or person, directly or indirectly to give or grant any such privilege, frank or gift, to any mayor or member of such city council, and providing penalties for the violation of this act; providing that any such city may establish and operate all necessary plants to manufacture, generate, produce or supply water, gas, light, sewer and power for public purposes, and to sell and distribute the same to the public within and throughout the limits of any such city or town and declaring an emergency." It is argued, in effect, that the subject of this act is the regulation of the rates to be charged by that character of public utility corporations to which it refers, when operating within a city of over 2,000 inhabitants incorporated in the general laws of the state, and that section 6 of the act writes into the bill an entirely new and different subject. Therefore the act or bill contains two separate and distinct subjects in violation of the constitutional provision referred to.

[3] It is doubtless well settled that if a statute contains, and its title expresses, two or more subjects, the whole will be held to be void, for the reason that it cannot be known which the Legislature would have preferred to omit, had it known both could not be included in the same act. Cooley's Const. Lim. (7th Ed.) 211; Ballentyne v. Wickersham, 75 Ala. 533; Ritchie v. People, 155 Ill. 98, 40 N. E. 454, 29 L. R. A. 79, 46 Am. St. Rep. 315. The title of the statute in question and certain of its provisions express its purpose to be to authorize the city council of all cities and towns of over 2,000 population incorporated under the general laws of this state to fix and regulate by ordinance the rates to be charged by all water, gas, light, and sewer companies, or persons engaged in supplying water, gas, light, and sewer service to the public within such city. But does either the statute or its title embrace more than one subject within the meaning or contemplation of the Constitution? We think not. Our opinion is that every matter included in the enactment and its title have a mutual connection, are germane to and relate directly or indirectly to one and the same general subject, which is expressed in the title. This being true, the requirements of the provision of the Constitution under consideration have been complied with. It is said that the intent of the provision "was to prevent the union, in the same act, of incongruous matters, and of objects having no connection, no relation. And with this it was designed to prevent surprise in legislation by having matter of one nature embraced in a bill whose title expressed another." State v. County Judge of Davis Co., 2 Iowa, 280. Similar expressions will be found in many other reported cases. So that if notice is given of the general character of an enactment by the subject expressed in its title and its provisions have a just and proper reference thereto, and are such as might reasonably be looked for in a measure of such character, the act will be upheld as having been constitutionally enacted.

[4] Again, in determining what statutes follow the constitutional provision in question, the rule is that the courts will not pronounce a statute unconstitutional unless it is clearly shown, and both the statute and the constitutional provisions with which they are claimed to be in conflict will be liberally construed with the view of sustaining legislative action. Such a construction has been uniformly given by the courts of this and other states in the consideration of similar constitutional objections. Stone v. Brown, 54 Tex. 330. Therefore, even though some doubt should exist as to whether or not the statute under consideration embraces more than one subject, the validity of the same should be sustained upon the general principle that it should be held constitutional, unless clearly otherwise. Reasonable doubts, if any, should be resolved in favor of the statute.

The judgment is affirmed.