COMMON SCHOOL DISTRICT NO. 16, LAMPASAS COUNTY v. W. A. KEELING, ATTORNEY-GENERAL.

No. 4007.   Decided April 30, 1924.

(261 S. W., 364.).

1.—Mandamus—Clear Legal Duty.

A public officer will not be required by mandamus to perform an official act unless it is clear legal duty to do so. (P. 527).

2.—School Districts—Change in Territorial Limits—Approval of Bonds.

A common school district by vote authorized the issuance of its bonds. Before these bonds were voted, but after election thereon was ordered, part of the territory of this district had, by proceedings under article 2865, Rev. Stats., been detached therefrom, made a part of an adjoining independent school district, which issued and sold bonds, and had thereby become subject to taxation for their payment. On application for mandamus requiring the Attorney-General to approve the bonds so voted by the common school district, it is *held*: (1) Article 2865 Rev. Stats., appears to be valid and, the proceedings taken thereunder being regular, no action by the common school district prior to the time its bonds were voted upon could deprive the inhabitants of the territory taken from it and added to the independent school district of their right to have this done. (2). The action taken under Art. 2865 constituted at least a *de facto* transfer of the territory involved to the independent school district; and this could only be questioned by a direct proceeding brought by the State. The Attorney-General could not be required, by a proceeding for mandamus, to take action involving a determination by him that the territory in question was not lawfully so transferred, but was liable to imposition of taxes by its old district. (Pp. 525-528).

Original application by the school district to the Supreme Court for writ of mandamus against Keeling as Attorney-General.

*J. Tom Higgins,* for relators.

The Constitution states that, "All such school districts, whether created by general or special law, may embrace parts of two or more counties." It seems plain from the wording of this article that it was not in contemplation of the people to delegate the power of creating these districts to the people by any other means than legislative enactment.

*W. A. Keeling,* Atty.-Gen., *in pro. per.,* and *C. F. Gibson* and *Riley Strickland,* Assistants, for respondent.

It is the contention of the Attorney General that the annexation of a part of the territory of Common School District No. 16 to the Evant Independent School District was legal and in strict compliance with Revised Statutes, Article 2865. The tax payers within the annexed territory would be subjected to double taxation if they are now taxed on a bond issue which was voted subsequent to their annexation to another District.

The foregoing proposition being clear, the territory which ordered the election and for which the election was ordered is not the precise and identical territory which would be affected, Therefore, the bond issue should not be approved.

We submit that the proper remedy for the petitioners is to have another election. Then the people in the territory to be affected by the bonds will be the people who adopt the bonds and after all

the requirements are complied with and the election is carried, said bonds can and will be readily approved.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

The Evant Independent School District, of Coryell County, was incorporated in 1892. A petition to extend the boundaries of the District, in compliance with Revised Statutes, Article 2865, so as to include a part of the territory in Common School District No. 16 of Lampasas County was presented and acted on by the School Board of the Evant District on July 2, 1921, and was filed for record in Coryell and Hamilton counties on July 5th and 7th of the same year. The limits of the Evant District when so increased did not exceed 25 square miles. The copy of the resolution, recorded as aforesaid, contained a description of the added territory.

On July 9, 1921, a petition was presented to the Evant Board of Trustees for an election for the issuance of bonds in the sum of $10,000, and an order was passed to that effect on the same day. The bonds were voted, approved, and have been sold. The bonds were dated August 10, 1921, payable serially $1,000 every fourth year for forty years, bearing six per cent. interest, payable annually, and constitute the only debt against that School District.

On June 8, 1921, the Commissioners' Court of Lampasas County ordered an election in Common School District No. 16, to be held July 9, 1921, to determine whether said District should issue bonds in the amount of $2,000. The bond election carried by a majority vote, but at a time subsequent to the aforesaid annexation of a part of the territory of Common School District No. 16 to the Evant Independent School District. The bonds voted by the Common School District were not approved by the Attorney-General, for the reason that the District had been diminished after the election was ordered and before it was held, the petition being for an election in Common District No. 16 as it existed prior to the annexation of a part of its territory to the Evant District.

The above is taken from the agreed statement of facts.

It will be observed that after the Commissioners' Court of Lampasas County had ordered an election for Common School District N. 16, the boundaries of that District were diminished by the inclusion of a portion thereof in the extension of the boundaries of the Evant District. made in compliance with Revised Statutes, Article 2865. This Article reads:

"Whenever the territory heretofore incorporated, or which may hereafter be incorporated, for free school purposes, shall contain less than twenty-five square miles, and thereafter the majority of the inhabitants, qual'fied to vote for members of the legislature, of any territory adjoining the limits of the town or village so incorporated, shall desire such territory to be added to and become a part of such

incorporated town or village for free school purposes only, and a majority of such qualified voters sign a petition to that effect, any three of such qualified voters may file with the board of trustees of such incorporated town or village the said petition, making affidavits of the facts set forth in said petition, fully describing by metes and bounds the territory proposed to be annexed and showing its location with reference to the existing territory of the town or village already incorporated; provided, that said territory proposed to be added must be contiguous to one line of said corporation, and upon filing of said petition, affidavits and descriptions, with the president of the board of trustees, it shall be his duty to submit the same to the board, and, if upon investigation by the board it is found that the proposed addition will not increase the corporate limits so that the whole, when so increased, will exceed twenty-five square miles, then the said board of trustees, by resolution duly entered upon its minutes, may receive such proposed territory as an addition to, and become a part of, the corporate limits of such town or village; a copy of which resolution, containing a description of the added territory, shall be filed for record in the county clerk's office of the county in which said town or village is situated, after which the territory so received shall be a part of said incorporated town or village; and the inhabitants thereof shall thenceforth be entitled to all the rights and privileges, and subject to the same liabilities of taxation as other citizens, and all property within said limits shall thenceforth be subject to such taxation as may have been, or may hereafter be, provided by said incorporation for free school purposes only.''

There is no dispute but what this statute was complied with in adding the territory to the Evant District. The difficulty arises out of the fact that the bond election had been ordered in Common School District No. 16 on June 8, 1921, before any portion of the territory of the Common School District had been added to the Evant District. However, the inhabitants of that portion of the Common School District so added took action under the statute thereafter, and before the election was held in the Common School District, had complied with Article 2865, and added the territory to the Evant District; which, of course, had the necessary effect of taking that territory out of Common School District No. 16.

This was the state of the record when it was presented to the Attorney General with the request for his approval of the bonds voted in Common School District No. 16, the vote having been taken upon orders covering the entire District as it existed before the addition of a portion of its territory to the Evant District. The Attorney General declined to approve the bonds, for the reason, as we understand it, that the territory formerly in the Common School District had ceased to be a portion of that District, and had been

annexed to the Evant District, and that by the approval of the bonds the taxpayers of this added territory would be subjected to double taxation.

It is elementary that a public officer will not be mandamused unless he has a clear legal duty to perform. Michie's Digest, Vol. 12, p. 99; DePoyster v. Baker, 89 Texas, 155. In the instant case the Attorney General would have been compelled to hold that the territory taken from Common School District No. 16, and added to the Evant District, was not lawfully incorporated within the latter District. This holding would necessarily have been a holding without authority of law to enforce it, and would not have been binding upon the Evant District, nor any of its inhabitants. The forms of law had been complied with in the addition of the territory to that District, and bonds had been issued and sold by the Evant District, after the incorporation of the added territory.

It is clear, we think, that the Attorney General would not have authority to approve the bonds for Common School District No. 16, until, and unless, a direct action is brought in the proper court and the added territory severed from the Evant District by a court decree. The provisions of Article 2865 had been followed, and the Board of Trustees of the Evant District had Jurisdiction over the matter of the annexation of the added territory. Their action was not void, but at least constituted a de facto annexation, which could only be questioned by the State in a direct proceeding brought for that purpose. Crabb v. Celeste Independent School District, 132 S. W., 890, 893, 146 S. W., 528, 105 Texas, 194, 39 L. R. A. (N. S.) 601 Ann. Cases, 1915B, 1146; Wharton County Drainage District v. Higbee, 149 S. W., 381, 389; City of El Paso v. Ruckman, 92 Texas, 86, 89. Since the annexation of the added territory was at least de facto, its integrity could not be questioned by the Attorney General in an ex parte proceeding before him for the approval of bonds of another district; nor can it be challenged in this proceeding, which is a collateral one.

We have carefully examined Article 2865, in connection with other statutes, and we see no reason to doubt the validity of this Article.

The authority to annex the territory in Common School District No. 16 to the Evant District was conferred upon the inhabitants of that particular territory, and we do not see that any action taken by Common School District No. 16 prior to the time bonds were actually voted upon in that district could deprive the inhabitants of the added territory of the power to exercise the right conferred upon them by Article 2865.

The right of the inhabitants of the annexed territory to have it added to the Evant District did not, under the statute, depend upon the consent of those who resided in the remainder of the Common School District, nor does the statute fix any time limit when they

may take action such as was taken in this case. If there is any conflict of authority, the remedy is for the Legislature, not for the court.

The facts of this case do not show any clear legal duty on the part of the Attorney General to approve the bonds of Common School District No. 16, and the mandamus is accordingly refused.