**TILTON et al. v. DAYTON INDEPENDENT SCHOOL DIST. et al.    (No. 1617.)**

Court of Civil Appeals of Texas.    Beaumont.
Feb. 8, 1928.

Rehearing Denied Feb. 22, 1928.

1. **Schools and school districts ⊂=26—Legislature may create independent school districts by re-creating existing districts and including territory of common school districts (Const. art. 7, § 3).**

Legislature has power to create independent school districts, and it may do so by re-creating or enlarging already existing districts by including within re-created or new district territory forming portion or all of common school districts, under Const. art. 7, § 3, providing for formation of school districts.

2. **Statutes ⊂=109—Constitution does not require that details of legislation be expressed in caption, but only that ultimate object be shown (Const. art. 3, § 35).**

Const. art. 3, § 35, requiring object of bill to be expressed in title, does not require that details of legislation shall be expressed in the caption of the act, but only that the general or ultimate object of the bill shall be thus shown.

3. **Statutes ⊂=122(1)—Caption of act relating to enlargement of Dayton school district held to comply with Constitution requiring subject of bill to be expressed in title (Sp. Laws 1st Called Sess. 1926, c. 7; Const. art. 3, § 35).**

Caption of Sp. Laws 1st Called Sess. 1926, c. 7, stating that it is "an act to enlarge and re-create the Dayton Independent School District in Liberty county, Texas," etc., held to comply with Const. art. 3, § 35, requiring subject of bill to be expressed in title of the act, since it was sufficient to fairly and reasonably give notice that new adjoining territory was to be included in enlargement of such independent district.

4. **Statutes ⊂=107(8) — Special act providing for re-creation of Dayton school district held not to violate Constitution because embodying more than one subject in caption (Sp. Laws 1st Called Sess. 1926, c. 7; Const. art. 3, § 35).**

Sp. Laws 1st Called Sess. 1926, c. 7, providing for enlargement and re-creation of Dayton independent school district, held not to violate Const. art. 3, § 35, because containing more than one subject in caption, since act had for purpose only one object, and all matters properly connected with proper functioning of district may be included in caption without violating Constitution.

5. **Constitutional law ⊂=278(2)—Schools and school districts ⊂=22—Statute relating to enlargement of Dayton school district held not to deny due process by providing for insufficient notice of election as to assumption of outstanding bonds and maintenance tax (Sp. Laws 1st Called Sess. 1926, c. 7, §§ 6, 9).**

Sp. Laws 1st Called Sess. 1926, c. 7, relating to enlargement of Dayton school district, held not to deny due process of law because notice of election to determine whether enlarged district should assume outstanding bonds, and whether property in enlarged district should be subject to maintenance tax theretofore levied by old school district was not given outside of old school district, where order for election under sections 6 and 9 required that notices of election be posted in three public places within enlarged district, giving notice of time, place, and purpose thereof, and it was not contended that order was not fully complied with or was insufficient or that election was not fairly held and result truly announced.

6. **Schools and school districts ⊂=26—Legislature could grant power to trustees of Dayton school district to establish voting places and to hold elections within limits of such district (Sp. Laws 1st Called Sess. 1926, c. 7, §§ 6, 9).**

Under Sp. Laws 1st Called Sess. 1926, c. 7, relating to enlargement of Dayton independent school district, Legislature held authorized,

---

⊂=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

under sections 6 and 9, to grant power to trustees of such district of right to establish voting places and for holding elections within limits of such district on questions whether enlarged district should assume outstanding bonds of old district, and whether property in enlarged district should be subjected to maintenance tax theretofore levied by old district.

**7. Schools and school districts ⊚⟾26—Where district voted bonds and boundaries are extended, voters of extended district may assume indebtedness of old district.**

Where independent school district voted bonds and maintenance tax pursuant to authority conferred by Constitution and subsequently bounds of said district are extended, *held*, that qualified taxpaying voters of entire district as extended may vote to assume indebtedness of old district and to levy and collect maintenance tax of old district in district as extended.

**8. Constitutional law ⊚⟾278(2)—Schools and school districts ⊚⟾22—Special act enlarging Dayton school district by taking in several common school districts held not to divest such districts of property without due process (Sp. Laws Ist Called Sess. 1926, c. 7).**

Sp. Laws 1st Called Sess. 1926, c. 7, providing for enlargement and re-creation of Dayton school district by embodying several common school districts within its boundaries, *held* not to take property without due process of law by divesting common school district of title.

**9. Schools and school districts ⊚⟾24(2)—Validity of independent school district can only be determined in suit brought by or under authority of state.**

Validity of an independent school district can only be determined by suit brought for that purpose by state or by some one acting by its authority.

**10. Schools and school districts ⊚⟾24(2)—Suit by trustees of old districts to have declared invalid act creating Dayton school district and enjoin trustees thereof from acting held collateral attack and not maintainable (Sp. Laws Ist Called Sess. 1926, c. 7).**

Suit by trustees of school districts and as taxpayers to have declared invalid Sp. Laws 1st Called Sess. 1926, c. 7, enlarging Dayton independent school district by including old districts of trustees and to restrain the trustees of the new district, acting as such, *held* to constitute a collateral attack upon the validity of the Dayton school district, and not maintainable, since such an attack may be made only by suit brought for that purpose by the state or some one acting under its authority.

Appeal from District Court, Liberty County; Thos. B. Coe, Judge.

Suit by R. S. Tilton and others against the Dayton Independent School District and others. Judgment dismissing case, and plaintiff appeals. Affirmed.

Stevens & Stevens and Ward & Ward, all of Houston, for appellants.

Llewellyn & Kayser, of Liberty, and R. J. Sullivan, of Beaumont, for appellees.

O'QUINN, J. This suit was brought in the district court of Liberty county, Tex., by plaintiffs, appellants here, as trustees of common school districts Nos. 8, 9, and 23, in Liberty county, and by them individually as taxpayers of said districts, against the Dayton independent school district, the trustees of said independent school district, and the tax assessor and collector of said district, seeking:

(a) To declare invalid and void the special act of the Thirty-Ninth Legislature (Acts First Called Session 1926, c. 7), having for its purpose the re-creating of the Dayton independent school district and enlarging same by including in the newly created district said common school districts Nos. 8, 9, and 23.

(b) To require restitution of the funds of said three common school districts alleged to have been unlawfully taken by the trustees of said Dayton independent school district.

(c) To enjoin the trustees of said Dayton independent school district from interfering with the trustees of said common school districts in the management and control of the affairs of said districts.

(d) To restrain the trustees of said Dayton independent school district from creating any indebtedness against said common school districts.

(e) For a mandatory injunction for the return to said common school districts of their funds.

(f) And to restrain appellees, defendants, from collecting any taxes or asserting any tax liens affecting the property of plaintiffs in the territory of said common school districts.

Plaintiffs set out in their petition the special act of the Legislature enlarging or re-creating the Dayton independent school district, and then alleged that the election mentioned in the act was held in pursuance to the provisions of the act, and set out the order for the election passed by the board of trustees—the notice of election and canvass of the election returns by the board showing that both propositions, that is (1) whether the entire Dayton independent school district, as defined and bounded after the passage of the special act creating same, should assume the bonded indebtedness theretofore voted and existing against the old Dayton independent school district, and (2) whether the maintenance tax theretofore voted and existing in the old Dayton independent school district should be extended over the entire territory provided in the special act, were carried by a majority vote.

Defendants answered by general demurrer and general denial. Hearing was duly had and the court sustained defendants' general demurrer and refused the injunction, and,

---

⊚⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

plaintiffs declining to amend, judgment was entered dismissing the case, to which action of the court plaintiffs excepted, and the case is before us for review.

Appellants' first proposition asserts that the special act creating the Dayton independent school district is void, because the caption is not sufficient to apprise the public of any intention of the Legislature to abolish the three common school districts by including them within the bounds of the enlarged or re-created Dayton independent school district, and by their second proposition they insist that the act is void because its caption violates article 3, § 35, of the Constitution, which requires the subject of the bill to be expressed in the title to the act.

The caption of the special act reads:

"An act to enlarge and re-create the Dayton independent school district in Liberty county, Texas, defining its boundaries, to provide for the election of trustees, providing for the retention in office of the present board of trustees of the Dayton independent school district, and providing for the abolition of all other boards of trustees of any school district included within the district hereby created, providing for the raising of revenue, issuing bonds, maintaining public free schools, providing for the means of transportation of the school children in said district, to provide for the establishment of voting precincts and places for the holding of elections within said district, validating all issues of bonds heretofore voted and made, declaring valid and continuing in force all maintenance taxes heretofore voted and levied, providing for an election to determine (1) whether the entire district as a whole as herein created shall assume all outstanding bonding indebtedness (2) whether all property within the Dayton independent school district as created by this act, shall be subject to all special school taxes heretofore voted and levied by the Dayton independent school district repealing all laws in conflict with this Act and declaring an emergency."

[1] It is well settled that the Legislature has the power to create independent school districts, and that it may do so by re-creating or enlarging already existing districts, by including within the re-created or new district territory forming portions or all of common school districts. Const. art. 7, § 3; McPhail v. Tax Collector (Tex. Civ. App.) 280 S. W. 260 (writ refused); Geffert v. Yorktown Independent School District (Tex. Civ. App.) 285 S. W. 345, 350; Henderson v. Miller (Tex. Civ. App.) 286 S. W. 501 (writ refused); Hill v. Smithville Independent School District (Tex. Com. App.) 251 S. W. 209.

[2, 3] We do not understand appellants to deny that this authority exists, but that they challenge the validity of the act because of insufficient caption to meet the constitutional requirements. We do not think appellants' criticism of the caption above set out is well taken. The gist of the complaint is that the caption does not in so many words state that common school districts Nos. 8, 9, and 23 are included within the new or re-created independent district. Const. art. 3, § 35, invoked by appellants, does not require that the details of the legislation shall be expressed in the caption, but only that the general or ultimate object of the bill shall be thus shown. Doeppenschmidt v. Railway, 100 Tex. 535, 101 S. W. 1080; Geffert v. Yorktown Independent School District (Tex. Civ. App.) 285 S. W. 345 (this case was reversed [Tex. Com. App.] 290 S. W. 1083, on question of legality of tax levy, not on validity of the district); Johnson v. Martin, 75 Tex. 40, 12 S. W. 321. The caption to the special act here under consideration stated that it was "An act to enlarge and re-create the Dayton independent school district in Liberty county, Texas," etc., which, we think, was a substantial, if not a literal, compliance with the spirit of the constitutional requirement, at least in so far as it related to the territory to be affected by the act. Sutherland v. Board of Trustees (Tex. Civ. App.) 261 S. W. 490 (writ refused). True, it did not state in detail the new territory or the common school districts to be included within the boundaries of the new or re-created independent district, but it did state that it was an act to *enlarge* and *re-create* the Dayton independent school district in Liberty county, Tex., and this, we think, was sufficient to fairly and reasonably give notice that new adjoining territory was to be included in the enlargement of said independent district, the subject-matter of the statute, and thus met the requirement of the Constitution. Lowery v. Red Cab Co. (Tex. Civ. App.) 262 S. W. 147, 149 (writ refused); Geffert v. Yorktown Independent School District (Tex. Civ. App.) 285 S. W. 345; Morris & Cummings v. State, 62 Tex. 728; Johnson v. Martin, 75 Tex. 35, 40, 12 S. W. 321. We do not think it can be said, as contended by appellants, that the caption was misleading or deceptive.

What we have said disposes of propositions 3, 4, 5, 6, 25, 26, and 30.

[4] Appellants' twelfth proposition is that the special act is void because it violates article 3, § 35, of the Constitution, in that its caption contains more than one subject. This proposition is overruled. The act had for its purpose one object only, the enlargement and re-creation of the Dayton independent school district, and all matters properly connected with the proper functioning of said district may be included in the caption without being subject to the fault suggested by appellants. Bloodworth v. Rhea (Tex. Civ. App.) 280 S. W. 1071; Robbins v. Limestone County, 114 Tex. 345, 359, 268 S. W. 915.

[5] By their eighth proposition appellants say the special act is unconstitutional and void because it provided for an election to

determine (1) whether the enlarged district should assume the outstanding bonds theretofore voted by the old district, and (2) to determine whether all property in the enlarged district should be subject to the maintenance tax theretofore voted and levied by the old Dayton independent school district, and did not provide for notice of said election in common school districts 8, 9, and 23, nor for the holding of said election in said districts, insisting that the act allowed and the election was held only in the old independent school district, which appellants say was done, and without giving notice of the election outside of said old independent school district, that such procedure did not constitute due process of law, and that the voting of such assumption of bonded indebtedness and the extension of the maintenance tax rate of said old independent school district by such election was without, and the authorization thereof by the special act did not constitute, due process of law, and will result in a deprivation of the property of plaintiffs without due process of law, wherefore, they say, said special act and the election thereunder are both void.

[6] This contention is overruled. Section 6 of the act empowered the trustees of the district to establish a voting place or places and for holding elections within the limits of the newly created district. Section 9 of said act authorized the holding of the election complained of, and the plaintiffs' petition sets out the order of the board of trustees calling the election and fixing the place of holding same at the high school building in the town of Dayton, and also said petition sets out in full the order of notice and the notice given of said election. This order required that notice of said election should be posted in three public places within the enlarged district, giving notice of the time, place, and purpose of the election. It is not complained that this order was not fully complied with, or that same was insufficient, in that it was not brought to the knowledge of the voters of said district. Neither is there any complaint that any of the voters of said enlarged district were deprived of their right to vote by lack of notice or in any manner, nor that said election was not fairly held and the result truly announced. The election was held and resulted in a vote of 274 for the affirmative of the first question and 144 against, and 278 in favor of the second question and 133 against, which result was properly canvassed and announced. The Legislature was authorized to grant this power to the trustees of said district, and the exercise of same was in compliance with said authority. Henderson v. Miller (Tex. Civ. App.) 286 S. W. 501, 508 (writ refused); Burns v. Dilley County Line Independent School District (Tex. Com. App.) 295 S. W. 1091.

[7] Appellants further complain in their ninth, tenth, and eleventh propositions that the question of the assumption by the new district of the bonded indebtedness of the old district, and also the question of whether the maintenance tax rate that had been voted by the old Dayton independent school district should be extended to the entire new district should have been submitted *solely* and *only* to the voters of the new territory included within the enlarged or re-created Dayton independent school district, that is, the voters in common school districts 8, 9, and 23, and that the assumption of said bonds and the imposition of said tax upon and over the entire newly created district by a vote of persons outside of the newly included territory was in violation of article 7, § 3, and article 1, § 19, of the Constitution.

This contention is overruled. It is well settled that where an independent school district votes bonds and a maintenance tax rate pursuant to the authority conferred by the Constitution, and after the bounds of said district are extended, the qualified taxpaying voters of the entire district as extended may vote to assume the indebtedness of the old district and to levy and collect the maintenance tax rate of the old district against the property in the district as extended. Crabb v. Celeste Independent School District, 105 Tex. 194, 146 S. W. 528, 39 L. R. A. (N. S.) 601, Ann. Cas. 1915B, 1146; Love v. Rockwall Independent School District (Tex. Civ. App.) 194 S. W. 659 (writ refused); Love v. Rockwall Independent School District (Tex. Com. App.) 238 S. W. 642; Henderson v. Miller (Tex. Civ. App.) 286 S. W. 501, 508 (writ refused); Gerhardt v. Yorktown Independent School District (Tex. Civ. App.) 252 S. W. 197; McPhail v. Tax Collector (Tex. Civ. App.) 280 S. W. 263 (writ refused); Hill v. Smithville Independent School District (Tex. Com. App.) 251 S. W. 209; Geffert v. Yorktown Independent School District (Tex. Civ. App.) 285 S. W. 350. The last-cited case was reversed on appeal ([Tex. Com. App.] 290 S. W. 1083), but the reversal was not upon the right of the taxpaying voters of the entire or new district in an election duly held to assume the bonded indebtedness of the old and to extend the maintenance tax rate adopted by the old district to the whole of the new district, but upon the question of the legal assessment and levy of the tax after being voted.

What we have said disposes of appellants' thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second, twenty-third, twenty-fourth, and thirty-fourth propositions.

[8] Appellants, by their twenty-eighth and twenty-ninth propositions, say the special act is void because it divests the title to all properties belonging to the common school

districts 8, 9, and 23 out of said districts and vests same in the newly created Dayton independent school district, which constitutes, they say, the taking of such property without due process of law.

This contention is overruled. Houston v. Gonzales Independent School District (Tex. Com. App.) 229 S. W. 467.

[9, 10] Aside from what we have said above, we think that the judgment of the trial court should be affirmed for the reason that, in our opinion, this is a collateral attack upon the validity of the Dayton independent school district, and therefore cannot be maintained. It has been repeatedly held that the validity of an independent school district can only be determined by a suit brought for that purpose by the state or by some one acting under its authority. Crabb v. Celeste Independent School District, 105 Tex. 194, 146 S. W. 528, 39 L. R. A. (N. S.) 601, Ann. Cas. 1915B, 1146; Martin v. Grandview Independent School District (Tex. Civ. App.) 266 S. W. 607 (writ refused); Common School District No. 16 v. Keeling, 113 Tex. 523, 261 S. W. 364; Molyneaux v. Amarillo Independent School District (Tex. Civ. App.) 277 S. W. 185 (writ refused); Turbeville v. Gowdy (Tex. Civ. App.) 272 S. W. 559. Appellants, in their thirty-fifth to thirty-ninth propositions, assert that they have the right, as officers of the common school districts 8, 9, and 23, and as individuals and taxpayers residing in same, to maintain this suit and to have judgment for the restitution of the funds of said common school districts appropriated by the newly created independent school district, and to have judgment restraining the trustees of said independent school district from interfering with them in the conduct and management of the schools in said common school districts, and for judgment restraining the trustees of said independent school district from incurring any indebtedness or collecting any taxes or asserting any tax liens against any of the territory situated within the said common school districts 8, 9, and 23, and judgment restraining said trustees and each and all of the defendants from creating any indebtedness, collecting any taxes, or asserting any liens affecting their property within said common school districts. It is manifest that this contention is based purely and only on the ground that the special act creating the Dayton independent school district is unconstitutional and void upon the many grounds urged and here passed upon. This suit is not based upon some alleged illegal and void act or acts of the agents of said independent school district, not challenging the legality of the principal—the independent school district (Freeport Independent School District v. Common School District 31, 115 Tex. 133, 142, 277 S. W. 97, 99)—but the suit is based upon the alleged *unconstitutionality* of the district, and hence the *want of authority in the principal to do any of the acts complained of.* This being true, if we are correct in holding the act creating the district valid, then this suit is a collateral attack upon the validity of the district, and cannot be maintained by appellants. Authorities cited, supra.

Other propositions are urged, which we do not deem it necessary to discuss. They have all been considered and are all overruled.

From what we have said, plaintiffs' petition did not state a cause of action, and the court did not err in sustaining defendants' general demurrer nor in dismissing the suit. The judgment should be affirmed, and it is so ordered.

Affirmed.