WILLAMAR INDEPENDENT SCHOOL DIST. et al. v. LYFORD INDEPENDENT SCHOOL DIST. et al. (No. 7988.)

Court of Civil Appeals of Texas. San Antonio. April 25, 1928.

Rehearing Denied June 27, 1928.

1. Statutes ⟐107(5), 122(1)—Statute creating Willamar Independent school district held not unconstitutional as containing more than one subject not expressed in title (Sp. Laws 1925, c. 84; Const. art. 3, § 35).

Sp. Laws 1925, c. 84, creating the Willamar Independent school district and providing for the assumption of the indebtedness of the Lyford Independent school district, *held* not to violate Const. art. 3, § 35, providing that no bill, except appropriation bills, shall contain more than one subject, which shall be expressed in its title.

2. Statutes ⟐105(1)—Liberal construction is applied in determining whether statute contains more than one subject not expressed in title (Const. art. 3, § 35).

A liberal construction will be applied in determining whether a statute violates Const. art. 3, § 35, providing that no bill, except appropriation bills, shall contain more than one subject, which shall be expressed in its title.

3. Evidence ⟐83(2)—Court assumes school district trustees will make no unlawful attempt to collect taxes to pay indebtedness of dissolved district.

Court will presume that trustees of school district will make no attempt to levy and collect any taxes from taxpayers in the district for the indebtedness of a dissolved district without submitting the question to the taxpayers.

4. Schools and school districts ⟐22—Act creating Willamar school district held not invalid because making it liable for debts of dissolved district without providing for vote (Sp. Laws 1925, c. 84).

Sp. Laws 1925, c. 84, creating the Willamar Independent school district and providing for assumption of the Lyford District's indebtedness, *held* not invalid in that the Willamar district was made liable for debts of the Lyford district without providing for a vote of the people of the new district, where the trustees were given no authority to levy and collect taxes, except by vote of taxpayers of the district.

On Motion for Rehearing.

5. Schools and school districts ⟐24(2)—School district cannot attack legal existence of another school district.

School district has no right to attack the legality of another school district, since right to make such attack is the prerogative of the state.

Appeal from District Court, Willacy County; A. M. Kent, Judge.

Suit by the Lyford Independent School District and others against the Willamar Independent School District and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded, with instructions.

Davis E. Decker and B. S. Wright, both of Raymondville, for appellants.

Gause & Kirkpatrick, of Mercedes, for appellees.

FLY, C. J. This suit was instituted by the appellee school district and its trustees and other officers against appellant school district and its officers, seeking to declare a certain act of the Thirty-Ninth Legislature which provided for the creation of the appellant district null and void in so far as it affects that portion of appellee district which the act sought to segregate from appellee district and place in appellant district; that said district be enjoined from collecting taxes from those living in the segregated part of the appellee district.

Appellees prayed in the alternative for a judgment that appellants be enjoined from collecting the taxes aforesaid until they have paid $7,478.12 to appellees. The grounds on which appellees sought to have the act declared unconstitutional are that the title setting forth the provisions of the act are different from the provisions of the act itself, and that the act is void in that it seeks to render Willamar district liable for debts due by the segregated territory without providing for a vote of the people of the new district. The court not only declared the law creating Willamar district unconstitutional and void, but enjoined it from collecting taxes on the segregated part of appellants' district and from collecting any available school fund due such segregated territory, and also rendered judgment against appellants for $1,008, an amount already collected by appellants from the said available school fund.

On March 16, 1925, at the regular session of the Thirty-Ninth Legislature, a law was passed creating the Willamar Independent school district in Willacy county. In the title of the act there is a provision "for the assumption by said district of the outstanding bonded indebtedness," and in the body of the act, section 4, it is provided:

"That Willamar Independent school district as created by this act shall pay its share of

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

any indebtedness now due by the Lyford Independent school district to be prorated according to the assessed value of that part of this district which is a part of said Lyford district and the said Lyford district for the year 1924." Special Laws 1925, c. 84, p. 267.

[1, 2] We are of opinion that the act does not contravene any provision of section 35, art. 3, state Constitution, which states that no bill, except appropriation bills, shall contain more than one subject, which shall be expressed in its title. Stone v. Brown, 54 Tex. 330; Day Land & Cattle Co. v. State, 68 Tex. 527, 4 S. W. 865; City of Austin v. McCall, 95 Tex. 576, 68 S. W. 791; Tilton v. Dayton Independent School District (Tex. Civ. App.) 2 S.W.(2d) 889. A liberal construction will be applied in determining whether a statute violates the section being considered. City of Austin v. McCall, 95 Tex. 576, 68 S. W. 791; Joy v. City of Terrell (Tex. Civ. App.) 138 S. W. 215.

Clearly, under the decision of the Commission of Appeals, section B, rendered in Burns v. Dilley County Line Independent School District (Tex. Com. App.) 295 S. W. 1091, the result of which—that is, the judgment—was concurred in by the Supreme Court, the act creating the Willamar Independent school district would be unconstitutional in failing to provide for an election in the district to assume its share of the indebtedness due by Lyford Independent school district, unless the general law applied. The Commission of Appeals said in the case cited:

"This special act places upon the property of the new district, not only a special tax, but also the obligation to pay the bonds of the old district as well as other indebtedness recognized to be valid against the latter. * * * Evidently this provision of the act, since it failed to provide for any election on these questions, was in violation of section 3, art. 7, of the Constitution."

[3] However, in the case of Millhollon v. Stanton Independent School District (Tex. Com. App.) 231 S. W. 332, it was in effect held that an act creating a school district would have been constitutional if it had not attempted to give the school trustees the authority to levy and collect an annual tax, and had rested on the section clothing the trustees with the powers given under the general laws to school trustees. The general law gave them the authority to call an election and submit to the voters the question of assuming the debts of that part of the district segregated from the old district. There was no authority attempted to be conferred on the trustees of Willamar district to levy taxes, their only powers being those provided in the general laws. It must be remembered that the trustees of the Willamar district had not attempted to levy and collect any taxes from the taxpayers in the district, and it must be presumed that they will make no such attempt without submitting the question to the taxpayers. In the Burns-Dilley School District Case, herein cited, it was said, after quoting from the Millhollon Case:

"So, in the case at bar, if the special act was silent in respect to the mode whereby the new district could assume the obligation of the old district, the general law on that subject would prevail, but in express contradiction of the general statute it provides that the new district shall assume the indebtedness of the old and shall continue the levy and collection of the tax provided for by the old district."

This ruling is made in a well-considered opinion by Judge Short of the Commission of Appeals, and while the Supreme Court has not left it in doubt as to not approving anything but the judgment of the Commission, we find the opinion fortified by some Texas authorities, and shall presume that it gives an exposition of law that may be followed by the Supreme Court and to be followed by this court, however much it may differ with the opinion on some pivotal points. The case of Millhollon v. School Dist., herein cited, sustains the Burns Case in the portion herein copied, and Chief Justice Phillips not only approved the result, but said: "We approve the holding of the Commission of Appeals on the question discussed."

[4] The act creating the appellant district brings this case directly within the purview of the cases last cited. The trustees are given no authority to levy and collect taxes, as in the two cases, but they. are "vested and charged with all of the rights, powers, privileges, and duties conferred and imposed by the general laws of this state upon the trustees of independent school districts, incorporated under the general laws of Texas for free school purposes only." Under that authority the trustees were given no authority to levy and collect taxes except by vote of the taxpayers of the district.

The court not only held that the Willamar school district was unlawfully constituted, but proceeded to render a money judgment against a school district that had no existence, and which had no possible way of raising money to pay off the indebtedness. The court enjoined the district and its officers from collecting money to pay the judgment.

It may have been that the court concluded that the act was unconstitutional only in so far as it took a part of Lyford district and placed it in the new district, but under the ruling of the Burns Case herein cited and other cases, the parts of the act are so united that it cannot be supposed that the Legislature would have adopted the act had not the part of the old district been included in the new. We must conclude that in order to create a district capable financially of sustaining itself for educational purposes it became necessary to place a portion of the old district on the new district, and without that inclu-

sion the new district would not have been created.

A recent decision of the Beaumont Court of Civil Appeals, Tilton v. Dayton Independent School Dist.; 2 S.W.(2d) 889, fully sustains the opinion of this court.

The judgment will be reversed and the cause remanded, with instructions on another trial that the issues be confined to an ascertainment of the indebtedness of the new district to the old district, and providing for the collection of the same.

Reversed and remanded.

#### On Motion for Rehearing.

[5] This is an attack by one school district upon the legal existence of another school district, and we doubt its right to make such attack. That is the prerogative of the state and could not be exercised by a school district. School District v. Keeling, 113 Tex. 523, 261 S. W. 364. The inhabitants of the annexed portion of the appellee district have made no complaint, but the creation of the district is assailed by an outside party and it seeks to destroy the new district. In the case of Burns v. Dilley County Line School Dist. (Tex. Com. App.) 295 S. W. 1096, a taxpayer instituted the proceedings.

The motion for rehearing is overruled.