R.    R-665



# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 8, 1947

FAGAN DICKSON
FIRST ASSISTANT

Hon. L. A. Woods
State Superintendent of Public Instruction
Department of Education
Austin, Texas

Attn:  Hon. T. M. Trimble,    Opinion No. V-370
First Assistant

                          Re:  Obligation of the
City of Tyler to
assume part of the
outstanding bonded
indebtedness of Rice
Consolidated School
District, having an-
nexed a part of the
District.

Dear Sir:

       We refer to your letter wherein you request
the opinion of this office concerning the obligation of
the City of Tyler to assume its pro rata share of the
outstanding bonded indebtedness of the $36.000.00 school
bonds voted by the Rice Consolidated School District in
an election held on July 18, 1946, by virtue of the city
having annexed by ordinance a portion of said school
district on July 16, 1946, two days before the bond e-
lection was held.

       The bond transcript reveals and the submitted
facts advise that the school bond election was properly
ordered, that election notices were posted on the 8th day
of July, 1946, in the Rice Consolidated School District,
to determine the proposition of the issuance of a $36,-
000.00 bond issue to be used for school building purposes
in said district and in conformity with Articles 2785 and
2786, V.C.S., and that the statutes were fully complied
with in ordering such election. The bond election was
held on the date ordered, July 18, 1946, and resulted in
a vote in favor of the bond issue. The returns were pro-
perly counted and the result declared. The bonds have
been issued and sold in full compliance with the pro-
visions of Article 2786, V.C.S.

After said bond election had been ordered and due notice given in conformity with law, and two days before said election was to have been held, the City Commission of the City of Tyler by ordinance extended the city limits to include territory situated in several common school districts adjacent to the city limits without a vote of the people residing in the territory, which extension included a portion of the territory comprising the Rice Consolidated School District.

The Tyler Independent School District, by provisions of the city charter, is under the control of the City of Tyler, and the Tyler Independent School District limits are coterminous with the city limits of the City of Tyler.

Article 2804, V.C.S., provides that whenever the limits of a city which constitutes an independent school district are extended and enlarged so as to embrace the whole or any part of any independent or common school district adjacent to such incorporated city, the territory so included "shall hereafter become a part and portion of the independent school district constituted by such incorporated city." If the city is such an incorporated city constituting an independent school district, then the extension of its boundaries would automatically operate to extend the boundaries of the municipally controlled independent school district. See Attorney General Opinion No. V-141 and cases cited therein.

Article 2805, V.C.S., provides as follows:

"In all cases where a district is embraced within an incorporated city or town, as provided in the preceding Article (Art. 2804); . . . then such city, town or village shall become liable and bound for the payment of such portion of the bonded indebtedness of such district as the assessed value of the portion thereof so included bears to the entire assessment value of the district from which the same was taken. The assessed values of the district so included shall be those shown upon the last preceding county tax assessment roll after such districts are so included; such incorporated city, town or village shall pay either directly or through

the officers of such district the pro-
portion of the interest and principal of
such bonded indebtedness for which it is
liable." (Emphasis and matter in paren-
thesis added)

We are advised that in accordance with the
provisions of Article 2805, the City of Tyler recog-
nizes its liability or obligation to assume its pro-
portionate part of the school bonded indebtedness of
the Rice Consolidated School District and other common
school districts, portions of which have been annexed
to the city by its ordinance of July 16, 1946, to the
extent and in the proportionate amount of bonded in-
debtedness that existed as bonded debts of the district
up to and on the date of the annexation, but that the
City of Tyler hesitates to assume any part of the in-
debtedness created by the Rice Consolidated School Dis-
trict by virtue of and pursuant to its school bond elec-
tion held on July 18, 1946.

The design or purpose of Article 2805 seems
clearly intended for the protection of holders of school
bonds which constitute and remain an outstanding indebt-
edness against a school district where a city legally
annexes adjacent territory for all purposes, both muni-
cipal and school, and where the territory annexed em-
braces a portion or all of another school district or
districts.  The Legislature was cognizant of the fact
and recognized therein that all the taxable property of
a school district, such as the Rice Consolidated School
District, located within the boundaries of the district,
is subject to an annual local bond tax or levy for the
retirement and payment of its outstanding bonded indebt-
edness and interest thereon.  Articles 2784e and 2795,
V.C.S.

Under the facts herein presented, the $36,000
school bond voted at the election held on July 18, 1946,
in the Rice Consolidated School District constituted no
part of the bonded indebtedness of that school district
on July 16, 1946, when a portion of the district was an-
nexed to the City of Tyler, or on July 18, 1946, when the
bonds were voted by the district, for the obvious reason
that there could be no indebtedness therefor against the
district until such time as the same had been legally
issued and sold.  Indeed, under the provisions of Arti-
cle 2786a, V.C.S., in some instances where school bonds
remain unsold they may be revoked or cancelled  by the

voters at an election called for that purpose, and thus the creation of a new bonded indebtedness against the school district may thereby be effectively prevented.  Flatonia Independent School District v. Broeche, (Civ. App.) 176 S.W. (2d) 223, writ refused for want of merit.

The question then arises as to whether the City of Tyler, by reason of the fact that the Rice Consolidated School District some few days (July 8, 1946) prior to the date when the city annexed part of the district to the city (July 16, 1946) had legally called a school election to be held in the district, was thereby prohibited from annexing any portion of said school area until such a date or time when the contemplated bonded indebtedness against the district would be finally consummated.  We have been unable to find a case or a statute in point which would sustain the proposition thus advanced.  It is our opinion that a home-rule city, such as is the City of Tyler, which has the necessary power to annex additional adjacent territory to its city limits and which exercises that power in accordance with the provisions of Article 1175, Subsection 2, V.C.S., and its charter provisions appertaining thereto, would not be prohibited from legally exercising such power by the action of an adjacent school district in calling a school bond election to be held in the district, provided the area in question to be annexed does not constitute a part of an incorporated city.

The only limitation on the power of a home-rule city to annex additional territory under its charter, adopted according to the Home-Rule Amendment, Article XI, Section 5, Constitution of Texas, and Enabling Act, Article 1175, Subsection 2, V.C.S., is that it be adjacent thereto and not a part of any other incorporated city.  City of Houston v. State, Ex rel City of West University Place (Sup. Ct.) 176 S.W. (2d) 928.  The Courts are not concerned with the motive of the governing body of the city in undertaking to annex territory. This power of a home-rule city to fix boundaries and annex territory being a legislative power which is not subject to revision by the judicial power, it follows that it is subject only to such further limitation consistent with the Home-Rule Amendment as the Legislature may prescribe.  City of Houston case, supra, and other cases therein cited.

The problem presented herein is not a case for the application of the rule of this State announced in State v. Baker (Sup. Ct.), 40 S.W. (2d) 41, that where coordinate jurisdiction over a particular subject matter is vested in two distinct tribunals, the tribunal first acquiring jurisdiction has the right to retain jurisdiction until it has completely disposed of all matters and issues so presented to it, and no coordinate tribunal has any right to interfere with the tribunal first acquiring jurisdiction. The City of Tyler has the right to provide for its natural and economic growth or expansion by the annexation of additional territory to its city limits and may legally annex the area in question even though it constitutes a portion of a legally created school district. The Rice Consolidated School District, on the other hand, has no authority to annex or attach to its area any territory comprising a part of the City of Tyler or its independent school district. The subject matter here involved with respect to the Rice District relates to its authority to execute school bonds for school building purposes; the subject matter with respect to the City of Tyler concerns its authority to annex additional territory to the city for all purposes. Jurisdiction in these matters is separate and distinct, the parties involved having no coordinate or concurrent jurisdiction in either matter.

Under the facts submitted and based on our construction of laws hereinabove noted, it is our opinion that the City of Tyler is not liable or obligated to assume any part of the $36,000.00 bonded indebtedness of the Rice Consolidated School District where said bonded indebtedness was created by said District after the effective date of the annexation ordinance.

Whether or not the ordinance in question was legally executed or enacted in accordance with the laws and the city charter provisions, we cannot advise. The validity thereof depends upon the determination of fact questions beyond the province of this office. Common School District No. 16 v. Keeling, 261 S.W. 364.

We have assumed for the purposes of this opinion that the taxable valuation of the Rice Consolidated School District remaining after the said annexation of a part of its territory by the City of Tyler is sufficient to meet the interest and principal payments on the

bonds voted by the Rice district on July 18, 1946, as and when they become due and payable.

## SUMMARY

Under the facts submitted, the City of Tyler is not liable or legally obligated to assume any part of the $36,000 bonded indebtedness of the Rice Consolidated School District, where said bonded indebtedness was voted after the effective date of the city ordinance annexing a portion of the said school district area to the City of Tyler for all purposes. Art. 2804, 2805, V.C.S.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:djm

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

This opinion was considered
and approved in conference.