FREEPORT INDEPENDENT SCHOOL DISTRICT ET AL. v. COMMON SCHOOL DISTRICT NO. 31, ET AL.

No. 4305.    Decided November 18, 1925.

(277 S. W., 97).

**1.—Independent School District—Special Charter—Extension of Boundaries.**

The Freeport Independent School District, created by special charter (Act of Feb. 2, 1917, Local and Special Laws, 35th Leg., p. 22) and embracing an area of 33 square miles, was not authorized by its charter nor by the General Law (Rev. Stats., 1911, Art. 2865) to extend its boundaries over territory of another school district. Its attempted addition of 60 square miles by compliance with such article was void. (Pp. 140, 141.)

**2.—Same—Charter Construed.**

The clause in the special charter of the Freeport Ind. Sch. Dist. pro-

viding that "said district is not and shall not be limited as to size and extent as under general law," was inserted to avoid the repugnancy otherwise appearing from the limitation of such districts to 25 square miles by the general law (Rev. Stats., Arts. 2851, 2865). It was made by its charter subject to the general laws, but since its charter embraced 33 miles, was exempted from this limitation. This conferred no power of unlimited further extension, power to extend limits being given by Art. 2865 only to districts of less than 25 miles area.   (Pp. 140, 141.)

### 3.—Parties—School Districts—Boundaries.

The trustees of a school district could maintain suit to have declared void the unlawful attempt of another district to extend its limits and the authority of its trustees over territory of the former, and to enjoin their efforts to fix an indebtedness against such territory by an issue of bonds. The right to maintain such action was not confined to *quo warranto* proceedings by authority of the State.   Crabb v. Celeste Ind. Sch. Dist., 105 Texas, 194; Common Sch. Dist. No. 16 v. Keeling, 113 Texas, 523, distinguished.   (Pp. 141-143.)

### 4.—Same—De Facto District.

The wholly unauthorized and void attempt of one school district to extend its limits and authority over territory of another did not create a *de facto* body therein acting under color of law and to be called in question only by *quo warranto* proceedings.   (P. 143.)

Questions certified by the Court of Civil Appeals for the First District, in an appeal from Brazoria County.

The Supreme Court referred the questions to the Commission of Appeals, Section A, for its opinion thereon, and here adopts same and directs it to be certified as its answer.

*W. P. Dumas,* for appellants.

The statute conferred on the Board of Trustees of the Freeport Independent School District authority to extend the boundaries of the district and add other territory; and the Board then had jurisdiction over the matter, and its action was not void, but at least constituted a *de facto* annexation of the district, which could only be questioned by the state in a direct proceeding. Vernon's Sayles' Texas Civil Statutes, 1914, Art. 2865; Local and Special Laws, 35th Legislature, Regular Session, Ch. 5, Section 5; Report and Opinions of Attorney-General (1914-1916), pp. 553 and 554; Crabb v. Celeste Independent School District, 132 S. W., 893; El Paso v. Ruckman, 92 Texas, 86, 46 S. W., 25; Graham v. Greenville, 67 Texas, 62, 2 S. W., 742; Missouri, K. & T. Ry. Co. of Texas v. Bratcher, 118 S. W., 1093; City of Houston v. Little, 244 S. W., 254, 255; Floydada Independent School District v. Shipley, 238 S. W., 1029; Common School District No. 16 v. Keeling, Atty.-Gen., 113 Texas, 523, 261 S. W., 364-365; Martin

v. Grandview Independent School District, 266 S. W., 607-608; Turbeville v. Gowdy, 272 S. W., 559-561-562.

The existence and extent of a quasi-municipal corporation, such as an independent school district, acting under color of law, cannot be questioned in a private action, but can only be determined by a suit in the name of the State, or by some one under its authority having a special interest affected by its existence.  Crabb v. Celeste Independent School District, 132 S. W., 893, 146 S. W., 528; City of Houston v. Little, 244 S. W., 254, 255; Ex parte Koen, 58 Texas Cr. R., 279, 125 S. W., 401; State v. Dunson, 71 Texas, 65, 9 S. W., 103; Cohen v. City of Houston, 176 S. W., 809; Cohen v. City of Houston, 205 S. W., 757; City of Carthage v. Burton, 111 S. W., 440; Missouri, K. & T. Ry. Co. v. Bratcher, 118 S. W., 1091; Short v. Gouger, 130 S. W., 267; Graham vs. Greenville, 67 Texas, 62, 2 S. W., 742; El Paso v. Ruckman, 92 Texas 86, 46 S. W., 25; Parker v. Harris County Drainage District No. 2, 148 S. W., 351; Brennan v. City of Weatherford, 53 Texas, 330, 37 Am. St. Rep., 758; State v. Bradshaw, 228 S. W., 655; Town of Henderson v. Davis, 106 N. C., 88, 11 S. E., 573; Town of Searcy v. Yarnell, 47 Ark., 269, 1 S. W., 319; State v. Fuller, 96 Mo., 165, 9 S. W., 583; Worley v. Harris, 82 Ind., 493; State v. Carr, 5 N. H., 367; Campbell v. Wainwright, 50 N. J. Law, 555, 14 Atl., 603; Mendenhall v. Burton, 42 Kan., 570, 22 Pac., 558; Austin v. Guy, 21 Fed., 500; Kettering v. Jacksonville, 50 Ill., 39; Bird v. Perkins, 33 Mich., 28;

### ON MOTION FOR REHEARING.

This Honorable Court erred in adopting the answer of the Commission of Appeals to the second certified question submitted by the Court of Civil Appeals, and erred in holding that appellees were entitled to maintain their private suit, as brought, because:  (a) There is no allegation, claim or showing that any of the appellees owned or had any interest in any property within the territory annexed to the Freeport District.  (b) The statute (being part of the General Law adopted by reference) conferred on the Board of Trustees of the Freepcrt Independent School District authority to extend the boundaries of the district and add other territory in the manner prescribed by general law. Harbin Sch. Dist. v. Denman, 222 S. W., 538; Coffman v. Goree Ind. Sch. Dist., 141 S. W., 132; Turbeville v. Gowdy, 272 S. W., 559; Trimmier v. Carlton, 264 S. W., 257; State v. Bradshaw, 228 S. W., 655.

This Honorable Court erred in adopting the opinion of the

Commission of Appeals, and in holding that the trustees of the Freeport Independent School District were not authorized by the special act, creating that district, to extend the boundaries thereof beyond those established by the special act. Martin v. Grandview Ind. Sch. Dist., 266 S. W., 607; Eastham v. Steinhagen, 111 Texas, 597, 243 S. W., 457; City of Waco v. Higginson, 243 S. W., 1078; Powell v. Charco Sch. Dist., 203 S. W., 1178; Jenkins v. Autry, 256 S. W., 672. Special Laws, 1917, Chapter 5, Section 5. Wilmarth v. Reagan, 231 S. W., 445, 242 S. W., 726; Mason v. Kansas City (Kan.), 172 Pac., 535; People v. McKinnie, 277 Ill., 342, 115 N. E., 526; Turner v. Allen 254 S. W., 630; McQuillin Municipal Corporations, Supp. Vol. VII, Sec. 290; Cochran v. Kennon 161 S. W., 67; Holt v. State, 176 S. W., 743; Minear v. McVea, 185 S. W., 1048; Harbin Ind. Sch. Dist. v. Denman, 222 S. W., 538.

It is a fundamental rule of statutory interpretation that, if possible, some meaning must be given every word in an Act. Johnson v. Equitable Life Insurance Society, 125 S. W., 1074; State v. Delesdenier, 7 Texas, 76; Deming v. Metroplitan Eng. & Constr. Co., 136 S. W., 740; State v. Plotner, 222 S. W., 771; City of Clearwater v. Bowman, 82 Pac., 526, 72 Kan., 92; Ross v. Board of Education, 244 S. W., 796; Crowley v. Crowley, 151 S. W., 512; Bohannon v. City of Louisville, 235 S. W., 752; Bullion v. Aetna Ins. Co., 237 S. W., 716; State v. Board of Education, 242 S. W., 87; State v. Imel, 146 S. W., 784; Ames v. Hubby, 49 Texas, 705; Higgins v. Rinker, 47 Texas, 401; Read v. Levy, 30 Texas, 742; Wilson v. Rousseau, 30 Fed. Cas. No. 17, 832, 1 Blatchford, 3-108; 25 Corpus Juris, p. 228; Murray v. State (Texas), 2 S. W., 760.

*W. S. Sproles* and *Lucks & Enloe,* for appellees.

Since it is admitted that the Freeport Independent School District, as created by Special Act of the Legislature, contains thirty-three square miles of territory, the Board of Trustees of said school district were without authority to annex additional territory, and their acts in attempting so to do were without color of law and void. Local and Special Laws, 35th Legislature, Regular Session, Chapter 5, Section 5. Articles 2865, 2856, and 2851 of the Revised Statutes.

A law cannot be amended by mere implication, and the concluding clause of the Special Act of the Legislature creating the Freeport Independent School District, reading: "* * * except that said district is not and shall not be limited in size or extent as under the general laws," does not constitute an amendment of

said Article 2865 so as to permit the Freeport Independent School District to annex additional territory.   Laughter vs. Seela, 59 Texas 177; State v. Travis County, 85 Texas, 435; Jessee v. De Shong, 105 S. W., 1011.

The remedy by *quo warranto* is to test the legal existence and power of a corporation, and not for the purpose of obtaining relief from the abuse of its power; and since, plaintiff's suit is for the purpose of obtaining relief against the action of the Freeport Independent School District in attempting to annex the additional territory in question, which would result in the material injury of appellees, suit by *quo warranto* would not apply, and appellees' only remedy would be by direct suit as instituted in this case.   Price v. County School Trustees of Navarro County, 192 S. W., 1140; Collin County School Trustees v. Stiff, 190 S. W., 216; McAllen v. Rhodes, 65 Texas, 348; Juneman v. Franklin, 67 Texas, 411; Gray v. State, Ex Rel. Langham, 92 Texas, 396; State, Ex Rel. Dowler v. Riggsby, 43 S. W., 271.

The trustees of the Freeport Independent School District had no authority to extend the boundaries thereof beyond those established by the special act.   Arts. 2851 and 2865 Vernon's Sayles' Civil Statutes; Sec. 6, Art. 5502, Vernon's Sayles' Civil Statutes; Railway Co. v. Jarvis, 69 Texas, 527; Hodge v. Donald, 55 Texas, 344; M. K. & T. Ry. Co. of Texas v. Mahaffey, 150 S. W., 881; Red River Nat'l. Bank v. Ferguson, 206 S. W., 923; Moss v. Bross, 221 S. W., 343; City of San Antonio v. Spears, 206 S. W., 703; Davis v. Payne, 179 S. W., 60.

MR. PRESIDING JUDGE POWELL delivered the opinion of the Commission of Appeals, Section A.

This cause is before the Supreme Court upon the following certificate from the Honorable Court of Civil Appeals of the First District:

"The 35th Legislature by a special act (Act 35 Leg. page 22) incorporated the Freeport Independent School District, in Brazoria County, Texas, with an area of 33 square miles, said area being described by metes and bounds.   By the 5th section of said Act it is provided as follows:

" 'Said Freeport Independent School District shall have and exercise, and is hereby vested with all the rights, powers, and privileges and duties of a town or village incorporated under the general laws of the state for free school purposes only, and the board of trustees of said Freeport Independent School District shall have and exercise, and are hereby vested with all the rights,

powers, privileges and duties conferred and imposed by the general laws of this state, now in force or hereafter enacted, upon the trustees of independent school districts, including the right and power to levy taxes and issue bonds of said district, to the extent, for the purposes and subject to the provisions, limitations, and conditions under which said powers may now be exercised, or may hereafter be exercised under the general laws of this state by the trustees of independent school districts incorporated and organized under the general laws of this state, and all the general laws of this state applicable to towns and villages incorporated for free school purposes only are hereby declared to be in full force and effect with respect to said Freeport Independent School District, *except that said district is not and shall not be limited in size or extent as under the general laws.'* (Italics ours.)

"In the month of May, 1923, after the incorporation of said Freeport District by the Legislature, the lawful authorities of said district proceeded in manner and form, as is provided by the general law for extending the boundaries of independent school districts, (Art. 2865 Vernon's Sayles' Civil Statutes 1914) to annex to said Freeport District about 60 square miles of territory, a portion of which was within the boundaries of Common School District No. 31, as these boundaries were established by the County School trustees of Brazoria County.

"After said territory had been annexed to said Freeport District, F. P. Lake, Henry Skucius, and Mrs. Bertha Walker, as district trustees of Common School District No. 31, of Brazoria County, Texas, and A. B. Follett, A. L. Woolam and T. F. Siebel, designated as citizens and patrons and qualified voters and taxpayers, residing in said Common School District, brought this suit against the Freeport Independent School District, and W. A. Randle, S. I. Stratton, J. H. Ross, Ben D. Kannon, C. L. Bushnell and J. E. Reed, as trustees of said Freeport District and against W. A. Randle, as president, and J. E. Reed, as secretary of the board of trustees of said Freeport District, to enjoin the Freeport District, its trustees and officers from ordering an election within said district, as extended, for the purpose of voting upon the issue as to whether or not bonds of said district should be issued and from canvassing returns or declaring the result of any election that had been theretofore ordered or held for such purpose. They also prayed for judgment declaring void all acts of the trustees and officers of said Freeport District, whereby the boundaries of said Freeport District were extended so as to include the annexed territory, and that they have judgment fixing

and establishing the boundaries of said Common School District, as the same was established by the school trustees of Brazoria County.

"It was not alleged nor shown that any of the plaintiffs owned any property in the territory annexed to the Freeport District, nor that they claimed any rights not common to the taxpaying citizens, generally, who resided in said Common School District No. 31.

"Upon the trial the court rendered judgment decreeing that all the proceedings by which the territory involved was annexed to the Freeport District, in so far as they affect the boundaries and area of Common School District No. 31, be canceled, set aside and held of no force and effect.

"From the judgment so rendered the defendants have appealed.

"It was and is the contention of the appellants:

"First:   That by the special act of the 35th Legislature, above mentioned, the trustees of the Freeport District were authorized to extend the boundaries of said district and add additional territory thereto without the limitation imposed by Article 2865 R. S. of Texas;

"Second:   That in any event such extension as was made, was made under color of law and became a *de facto* extension and the annexed territory became a de facto annexation as a part of the Freeport District and, therefore, appellees cannot in a private action, such as the one brought by them, question the regularity of the acts of the trustees in making such annexation, and

"Third:   That whether such de facto annexation was regularly and lawfully made can only be questioned by the State of Texas in a direct proceeding, or by someone under its authority, having a special interest affected by reason of such annexation.

"On the other hand it was and is the contention of appellees that the trustees of the Freeport District, as well as the trustees of all independent school districts, are authorized to extend the boundaries of such districts and annex additional territory only when the territory embraced in their boundaries is less than twenty-five square miles, and that as the boundaries of the Freeport District, as established and fixed by the Legislature embrace thirty-three square miles of territory, its trustees were without authority to extend its boundaries and take in any additional territory, and therefore, the attempt of said trustees to do so, was and is void and is subject to attack by appellees as they have done.

"We adopted the views entertained by appellants, and held

that the special act incorporating the Freeport District authorized the trustees of said district to enlarge the same. We also held that, whether the extension of the boundaries of said district was made regularly, or irregularly and unlawfully, appellees could not question its regularity in the private action brought by them and so holding, we reversed the judgment of the trial court and rendered judgment for appellants.

"Appellees have filed their motion for rehearing and the cause is now pending in this court upon that motion.

"We are now in some doubt as to the correctness of our construction of the special act, which incorporated the Freeport District and also as to the correctness of our holding that appellees could not, even if it be conceded that the extension was unlawfully made, attack the same in their private action. We, therefore, deem it advisable to submit to your Honors the following questions:

"First: Were the trustees of the Freeport District authorized by the special act, creating said district, to extend the boundaries thereof beyond those established by the special act?

"Second: If it be conceded that the trustees were not authorized by said special act to make the extension, mentioned above, can appellees maintain their private suit, as brought?"

In quoting the fifth section of the special act incorporating the Freeport Independent School District, we have underscored the last two lines thereof. It is the construction of those words which has given rise to any difficulty in this case. The question for determination is, what was the legislative intent in using them? We think they were employed for the sole purpose of avoiding any repugnancy between the special act and the general laws which were also being written into the special act. If the Legislature had stopped short of the underscored words, the situation would have been most confusing. In one part of the special act there was being created an independent school district with an area of *33* square miles. In another part of the same act was a provision making effective the general laws, "now in force or hereafter enacted," governing the incorporation of independent districts. Those general laws already in force, both in Article 2851 and 2865, expressly provided that the independent districts should not contain more than *25* square miles. Of course, the Legislature passing this special act could not know what some future Legislature might do with the *general laws* upon this subject. So, it will be seen that, but for the underscored words a direct repugnancy would already have existed in portions of

the special act and might have arisen therein at any time in the future passage of general laws. It was wise, of course, for the lawmakers to avoid this present or possible future conflict in the provisions of the special act. They did it by stating that the 33 square miles of territory embraced in the special act should govern the Freeport District now and that such area should not be changed by *general laws* in the future. The Legislature could, of course, itself change the boundaries of the district at any time by special act. These underscored words merely state that the area as provided therein is not limited in size or extent by the general laws already in force or hereafter to be enacted. With these words included in the special act there is no conflict in the provisions of same as written.

It is the contention of appellants that Article 2865 of the general laws was being amended and that as to the Freeport District that Article would be changed in several of its material provisions so as to provide for *unlimited* extensions of territory. We do not think any such far reaching amendment was intended by the Legislature. It could so easily have been stated if that had been the intention of the lawmakers. For instance, there could have been added to Section Five of the Special Act the words: "and its extent may be enlarged by means provided in Article 2865." If these words had been added, the intent, from the entire context, might have been clear. Before it could be presumed that the Legislature intended to surrender its own control of the size of independent districts, that intention should be free from any reasonable doubt, it seems to us. The general policy of the law was to limit the size of such districts to twenty-five square miles. In certain cases, the Legislature, by special act, had incorporated larger districts. But, even then, it could determine the extra size and control it. Adjoining school districts would at least have an opportunity to protect themselves by attempting to defeat the passage of such a measure or getting the Governor to veto it. We do not believe the Legislature intended to permit the Freeport Independent School District, of its own volition only, to extend its boundaries in this way. In this very case, the district, acting for itself, was attempting to add nearly twice as much territory as the Legislature itself had given it.

We do not think the special act gave any authority to the Freeport District to extend its boundaries and we are of the view that its attempt to do so was void. Therefore, we recommend that the first question certified be answered in the negative.

We think the second question should be answered in the affirmative and we so recommend. This question, it seems to us,

is relieved of any difficulty because of the answer we have rec-
ommended to the first question.    In other words, we have an
attack, not upon a de facto body acting under color of law, but
upon the attempt of a district, the validity of whose legislative
charter is recognized, to do a thing without any warrant of law
and thereby commit a *void* act.    We have here a *direct* proceed-
ing, promptly instituted, before the rights of any bondholders or
others had intervened, by the school trustees of Common School
District No. 31 against the school trustees of the Freeport Inde-
pendent School District.    These parties appear in the suit official-
ly.    One of its purposes was to set aside all orders by which the
territory of the common school district had been invaded.    The
District Court granted this very relief.    We have found no de-
cision which holds that a suit of this kind can be brought only by
the State or under its authority.    We fail to see any reason why
these local officers should be forbidden to protect their districts.
They are charged by law with the management of the affairs of
their districts and the protection of their best interests.    The
issue involved was of vital interest to them.    It meant nothing to
the State.    It was solely a question of which local district would
reap the benefit of local taxes derived from certain territory.

We are not unmindful of that line of authorities illustrated by
the cases of Crabb v. Celeste Independent School District, 105
Texas, 194, 39 L. R. A. (N. S.) 601, 146 S. W., 528, and Common
School District No. 16 v. Keeling, 113 Texas, 523, 261 S. W., 364.
But, these two cases do not conflict in any way with our holding
here.    In the Crabb case, the plaintiffs were individuals suing in
their private capacity.    There were several issues in that case.
One was an attempt to declare void the annexation of certain ter-
ritory, including the homes of plaintiffs; another was an attempt,
on account of certain irregularities in the method of annexation,
to take their homes out of the territory so annexed; a third was
an attempt to enjoin the collection of the tax of twenty cents on
the one hundred dollars of valuation of their individual proper-
ties.    Judge Dibrell held that the territory generally was lawfully
annexed; that, since that was true, the district was acting under
color of law, and that mere irregularities in making the annexa-
tion could not be relieved against except upon suit by the State
or under its direction.    Judge Dibrell did give the injunctive re-
lief to these individuals as prayed for.    He held that the tax was
void.    He clearly thought that individuals, adversely affected,
could sue to prevent the commission of a *void* act.

In the Keeling case, Chief Justice Cureton held that, under this
very Article 2865, the Evant District had followed the law in

every way. Then, he said, "Their action was not void, but at least constituted a de facto annexation, which could only be questioned by the State in a direct proceeding brought for that purpose." He cited the Crabb case and others of that kind.

If we had held that the special act gave the Freeport District authority to annex additional territory, then we might have been confronted with a situation such as that before the court in the Crabb and Keeling cases, supra. We do not determine this question. It is not before us. We take no issue with the many authorities upon quo warranto proceedings, but simply hold that, under our answer to the first question herein, this suit was properly brought to set aside orders which were void and without any basis in law. No de facto government by the Freeport District was ever set up in this disputed territory nor was its authority thereover ever recognized by anyone.

The decisions of our Supreme Court upon quo warranto proceedings are very interesting and we think sound in each instance. But, we are glad to note a disposition on the part of the court, as far back as the case of McAllen v. Rhodes, 65 Texas 348, to construe these statutes liberally and in such a way as not to deprive any man of his substantial rights. In the Rhodes case, a plaintiff was trying to recover his office from a usurper. It was an ordinary suit between the parties. Chief Justice Willie speaks feelingly and holds that while quo warranto was one proper method of procedure in such cases, it was not an *exclusive* one; that the statute had declared, in cases of that kind, that the quo warranto procedure was merely cumulative. He bespeaks a liberal construction of such statutes in order to protect individuals from losing their rights. He went on to state that those two individuals were much more vitally interested in the office than the State could possibly be.

For the reasons indicated, we recommend, as already stated, that the first question certified be answered in the negative and the second in the affirmative.

### ON MOTION FOR REHEARING.

We have carefully considered motion for rehearing filed herein by appellants. We think same is without merit and recommend that it be overruled.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.                *C. M. Cureton*, Chief Justice.