## COUNTY BOARD OF SCHOOL TRUSTEES OF LIMESTONE COUNTY et al. v. WILSON et al. (No. 713.)

Court of Civil Appeals of Texas. Waco. Feb. 28, 1929.

Rehearing Denied March 28, 1929.

owners, and taxpayers of Marx Chapel common school district No. 58, brought this suit against the county board of school trustees of Limestone county, and Mrs. Cora Ferguson, secretary of said board. W. R. Wilson and T. H. Hayes, as trustees of said Marx Chapel district, also intervened as such trustees, and complained against the same parties, alleging they were a majority of the board of trustees of said Marx Chapel district, and for cause of action plaintiffs and interveners alleged, in substance, that, at a called session of said county board, on January 14, 1928, said county board entered an order attempting to consolidate Marx Chapel common school district No. 58 with Ben Hur consolidated rural high school No. 11, which attempt |was enjoined, as shown by appeal therein, 5 S.W.(2d) 805; that, on April 14, 1928, said county board in a called session passed another order attempting to group Ben Hur consolidated rural high school district No. 11 with Marx Chapel common school district No. 58 for the purpose of establishing and operating a rural high school district to be known as Ben Hur rural high school district No. 11, and appointing seven trustees therefor; that said Ben Hur consolidated rural high school district was already in existence and functioning as such, and that said county board was without authority to make the order of April 14, 1928; that, unless said county board was restrained, it would proceed to enforce said illegal order of April 14, 1928. A temporary injunction was granted. Appellants answered by general demurrer, special exceptions, and that the suit was prematurely and improperly brought, in that such suit could not be maintained by appellants, and could be maintained only by the state, or under its authority; also that appellees failed to appeal from the action of the county board to the state superintendent of public instruction, or to give notice that they elected to resort to the courts, and that they acted in good faith, etc. The case was tried on its merits before the court, and said temporary injunction perpetuated, from which judgment of the trial court this appeal is prosecuted.

Under their first proposition, appellants contend that appellees, as individuals, taxpayers, and as trustees of Marx Chapel common school district No. 58, were without authority to prosecute a suit to annul or vacate the order of the county school board grouping said district with Ben Hur school district No. 11; the only remedy therefor being by quo warranto proceedings for that purpose. Upon the authority of Freeport Independent School District et al. v. Common School District No. 31 et al., 115 Tex. 133, 277 S. W. 97, and cases there cited, we think appellees have the right to maintain this suit. It is probably true, if appellees

J. E. & B. L. Bradley and Mr. & Mrs. C. S. Bradley, all of Groesbeck, for appellants.

L. W. Shepperd, of Groesbeck, for appellees.

STANFORD, J. W. R. Wilson and nine other individuals, residents, patrons, property

had remained passive and permitted the county board to complete the grouping of the Ben Hur and Marx Chapel districts, and the trustees of said new rural high school district had taken charge of said new district, enumerated the scholastics therein, established schools, assessed and were collecting taxes, etc.—in other words, if said grouping had become an accomplished fact, and said new district become a quasi municipal corporation, organized and acting under color of law—its legality could be determined only by a suit brought for that purpose against the trustees of said district by the state, or under its authority. Crabb v. Celeste Ind. School Dist., 105 Tex. 194, 146 S. W. 528, 39 L. R. A. (N. S.) 601, Ann. Cas. 1915B, 1146; City of Houston v. Little (Tex. Civ. App.) 244 S. W. 247; Martin v. Grandview Ind. School Dist. (Tex. Civ. App.) 266 S. W. 607. But a different question is here involved. No new district including the Marx Chapel district was created, organized, and put into operation. No quasi municipal corporation including the Marx Chapel district was ever created and put into operation. It was alleged by appellees that appellants the county school board had passed an order grouping the Marx Chapel common school district No. 58 with the Ben Hur rural high school district No. 11, and that said order was void because there was no law authorizing said board to make such order, but, unless restrained, said board would put said order into effect. We think appellees, at least the two trustees of the Marx Chapel district, clearly had the right to maintain this suit to restrain this alleged illegal action on the part of the county board, in the protection of the best interests of Marx Chapel district, of which they were trustees. Parks et al. v. West et al., 102 Tex. 11, 111 S. W. 726; Freeport Ind. School Dist. v. Common School Dist. No. 31, 115 Tex. 133, 277 S. W. 97. The distinction above pointed out is recognized in Kuhn et al. v. Yoakum et al. (Tex. Com. App.) 6 S.W. (2d) 91. We overrule this contention.

■ Under their second proposition, appellants contend that appellees, as individuals and taxpayers and as trustees of Marx Chapel common school district No. 58, were without power to prosecute a suit to annul or vacate the order of the county school board grouping said district and Ben Hur school district No. 11, until they appealed the controversy to the state superintendent of public instruction; there being no constitutional issue involved. Under articles 2656, 2686, and 2682, Revised Statutes, the rule has become well settled by the decisions of our appellate courts that while, in questions of administration, appeals are required to be taken to higher school authorities, but that, where the acts of the trustees or the county board are claimed to be without authority under our Constitution or statutory provisions, the complaining party may resort in the first instance to the courts. Henderson v. Miller (Tex. Civ. App.) 286 S. W. 501 (writ refused); Warren et al. v. Sanger Ind. Dist., 116 Tex. 183, 288 S. W. 159; Colin County School Trustees v. Stiff (Tex. Civ. App.) 190 S. W. 216. See, also, article 2686, amended by Acts of the Fortieth Legislature (1927) c. 83, § 1. There is no merit in this contention of appellants, and it is overruled.

■■ Under their third proposition appellants contend, in effect, that, when the Ben Hur common school district No. 11 was grouped with the Nus common school district No. 78, in 1926, thereby forming the Ben Hur rural high school No. 11, said Ben Hur rural high school district as thus constituted continued to be a common school district within the purview of article 2922a, and that, as the Ben Hur district as thus constituted and the Marx Chapel each had less than 400 scholastics, the county board had the right to group same. The record shows that on September 20, 1926, the Ben Hur district No. 11 and Nus district No. 78, were contiguous common school districts, and that on said date the county board of school trustees of Limestone county entered an order purporting to consolidate said two common school districts, intending thereby to create and establish what is known as Ben Hur consolidated rural high school district No. 11. If there was error in designating the action of said county board as a consolidation of said two common school districts, such defect was removed by the Acts of the First Called Session of the Fortieth Legislature (1927) c. 84, § 6, p. 231. So, in the discussion of the question herein involved, we must consider the Ben Hur district No. 11 at the time the order complained of was made, as an existing rural high school district. The order, of which complaint is made, recites: "It is hereby ordered by the Board * * * that a rural high school district be and the same is hereby formed by grouping Ben Hur Common School District No. 11, as now created, described and existing, having less than four hundred scholastic population, with Marx Chapel Common School District No. 58," etc. —thus reciting the Ben Hur district to be a common school district. If the Ben Hur district, at the time said order was entered, April 14, 1928, was a common school district within the meaning of such term, as used in article 2922a, Revised Statutes, then the order grouping said two common school districts was valid. It will be observed that chapter 19A of our Revised Statutes deals exclusively with the creation of rural high school districts and the establishment and operation of rural high schools therein. Article 2922a of said chapter deals with the creation of such districts. The county board of school trustees are vested with the authority to form such districts by grouping

contiguous common school districts having less than 400 scholastic population, and independent school districts having less than 150 scholastic population, for the purpose of establishing and operating rural high schools; provided also that the county board may annex one or more common school districts to a common school district having 400 or more scholastic population or to an independent district having 150 or more scholastic population, upon the approval of the board of trustees of the common school district having 400 or more scholastic population, or of the trustees of the independent district having 150 or more scholastic population, as the case may be.

It will thus be seen there are only two classes of districts dealt with in the formation of rural high school districts, to wit, common and independent school districts; and there are only two methods of forming such districts, to wit, by grouping the smaller or weaker districts, having less than 400 scholastics, if a common school district, or 150, if an independent district. Such districts being too weak for any one of them to maintain a rural high school alone, the county board is vested with full authority to group such districts, the only limitation upon such authority being set forth in article 2922c, to the effect that no rural high school district shall contain more than 100 square miles nor more than seven elementary school districts. Said board is also given the authority to annex one or more common school districts to a common school district having 400 or more scholastics, or to an independent district having 150 or more scholastics, upon the approval of the trustees of the nuclear district. The nuclear district being strong enough to maintain a rural high school alone we think is the explanation of why the board is authorized to annex another district only upon the approval of the trustees of such district. Article 2922b of said act provides:

"Rural high school districts as provided for in the preceding article shall be classed as common school districts, and all other districts, whether common or independent, composing such rural high school district shall be referred to in this Act as elementary school districts; provided that all independent school districts enlarged by the annexation thereto of one or more common school districts as provided for in Article 2922a shall retain its status and name as an independent school district, and shall continue to operate as an independent school district under the provisions of the existing laws and the laws hereafter enacted governing other independent school districts, except as otherwise provided for herein."

This article makes it clear that all rural high school districts created under the provisions of article 2922a are by the provisions of the act itself classed as common school districts, except where such rural high school district is created by the annexation of a common school district to an independent district, as provided in article 2922a, in which event such district retains its status as an independent district. It will thus be seen by the formation of rural high school districts no new class of districts is created. All such districts are either common or independent school districts. If the rural high school district created by grouping the Ben Hur and Nus districts in 1926 be classed as a common school district, as provided in article 2922b, as said new district had less than 400 scholastics, then the Ben Hur district, as thus constituted, could legally be grouped with the Marx Chapel district. At the time the county board grouped the Ben Hur and Nus districts in 1926, said board evidently could have included the Marx Chapel district, for all three were contiguous common school districts, and each of them had less than 400 scholastics. Said board did group the Ben Hur and Nus common school districts, and thereby formed the Ben Hur rural high school district, composed of the area of said two districts. If this district is a common school district within the meaning of article 2922a, as the combined scholastic population is less than 400, then we think said board had the right to group the Ben Hur rural high school district embracing the territory of the Ben Hur and Nus districts, with the Marx Chapel district, thereby creating a new district (new, at least, as to part of its territory) comprising the territory of the three former districts. It is a matter of common knowledge that there are many contiguous school districts, both independent and common, with only a limited number of scholastics, no one of which, alone, is able to sustain a high school. We think also it was the purpose of the Legislature, in enacting chapter 19A, authorizing the county school board to create rural high school districts, and establish and operate rural high schools therein, to furnish to all pupils in the rural districts, as near as possible, the privilege of a high school education.

■■ The provisions of chapter 19A, being remedial in their nature, should be liberally construed with a view of correcting the conditions sought to be remedied, and effectuating the intention of the Legislature in enacting said chapter. To accomplish such intention, it is thought said board should have the authority, after grouping certain districts, to add to the district thus formed, by again grouping or annexing other districts as provided in article 2922a; and we think one purpose of the Legislature in classifying all rural high school districts as either common or independent school districts, as appears by the provisions of article 2922b, was to enable the county board after the creation of such

districts to thereafter make such changes in same by grouping or annexation (the method used being dependent upon scholastic population) as the changed conditions may require. We think at the time the order of which complaint is made was entered the Ben Hur rural high school district was a common school district within the meaning of articles 2922a and 2922b, and the order of the county school board in grouping said district with the Marx Chapel district was valid.

The judgment of the trial court perpetuating the temporary injunction is reversed, and judgment here rendered dissolving said temporary injunction.