## LEWIS et al. v. SIMMONDS et al.
### (No. 3339.)

Court of Civil Appeals of Texas. Amarillo. Oct. 23, 1929.

Rehearing Denied Dec. 18, 1929.

Jesse Owens, of Crowell, M. C. Culbertson, of Vernon, and Davenport & Crain, of Wichita Falls, for appellants.

Berry, Stokes, Warlick & Gossett, of Vernon, for appellees.

JACKSON, J. The appellants are taxpayers in Wilbarger county, Tex., and in Kincheloe common school district No. 3, and Guggisberg common school district No. 41.

The appellees are school trustees of Wil-

barger county and the school trustees of the Wilbarger-Foard county line rural high school district No. 10.

Appellants, on August 20, 1929, sought and obtained a temporary injunction restraining the county school trustees of Wilbarger county from enforcing their orders establishing the Wilbarger-Foard county line rural high school district No. 10, and also a temporary injunction restraining the trustees of said rural high school district from issuing bonds in the sum of $70,000, to purchase a site and erect a high school building in said high school district. The appellants prayed that on a final hearing the temporary restraining orders be made perpetual.

On September 6th, the appellees filed their plea in abatement with their original answer, and on September 13th filed a motion to dissolve the temporary restraining orders theretofore granted.

On the same day the appellants filed their first amended original petition and alleged that on April 17, 1929, J. B. Townsend, the county judge of Wilbarger county, Tex., upon a petition of the county school superintendent, acting as ex officio secretary of the county school trustees of Wilbarger county, a body corporate, ordered an election to be held on May 11, 1929, in Kincheloe common school district No. 3, Antelope county line school district No. 14, Hanley common school district No. 15, Parsley-Hill common school district No. 36, and Guggisberg common school district No. 41, for the purpose of determining whether or not the county school trustees should be authorized to establish Wilbarger-Foard county line rural high school district No. 10.

The appellants allege that said election was void, because the statute does not authorize the county judge, on the application of the county school superintendent, to order such an election.

That the county school trustees, in attempting to establish said purported high school district, acted under the provisions of articles 2922a and 2922c, Rev. St. 1925. That four of the common school districts which were attempted to be grouped with a county line district to form said rural high school district No. 10, had already been classified by the county school trustees of Wilbarger county as high schools, and as there is no authority given in the statute for the grouping of contiguous high school districts and common school districts for any purpose, the election held on May 11th, in pursuance of the order of the county judge, was void.

Appellants attack the constitutionality of article 2922c as, under its provisions, the county school trustees are authorized to establish a rural high school district containing an area of more than 100 square miles and more than 7 elementary districts, if at an election called for that purpose a majority of the qualified voters in the proposed rural high school district vote in favor thereof, but that said school trustees are not authorized, under the provisions of the statute, to establish a rural high school district containing more than 7 elementary districts unless a majority of the qualified voters in each of such elementary districts vote in favor of establishing the high school district; because, under one provision, the statute permits the school trustees to establish such rural high school if a majority of the qualified voters in the territory of the proposed high school district vote in favor thereof, and under the other provision, before the school trustees can establish a rural high school district, a majority of the qualified voters in each of the elementary districts must vote in favor thereof, and such act is discriminatory, unconstitutional, and void.

Appellants allege that the county school trustees appointed trustees of the purported Wilbarger-Foard county line rural high school district No. 10, and that such trustees so appointed, upon a petition of the resident property taxpaying voters in said rural high school district, ordered an election to determine whether or not bonds of said rural high school district should be issued in the sum of $70,000, for the purpose of purchasing a site and constructing and equipping a high school building for such purported rural high school district. That said election carried, and the trustees of the rural high school district are about to issue said bonds and levy and assess a tax upon and against the property of appellants situated in said rural high school district to discharge said bonds as they mature. That said trustees are attempting to do away with and abolish the high school in said Kincheloe common school district No. 3. That said trustees, upon a petition of the resident property taxpaying voters of such rural high school district, ordered an election in said district to determine whether or not there should be levied, assessed, and collected a maintenance tax, not to exceed $1 on the $100 valuation of the property located in said district.

That by reason of the invalidity of the election order to determine whether or not the county school board of Wilbarger county should be authorized to group the common school districts herein named and establish said rural high school district, and the unconstitutionality of article 2922c and the attempt upon the part of the appellees to abolish the high school in Kincheloe district No. 3, the acts of appellees are contrary to law, against public policy, in violation of the constitutional rights of appellants and other taxpayers, and the proposed Wilbarger-Foard county line rural high school district No. 10 is void, and that said temporary injunctions should be made perpetual, and pray for such other and further relief as they may be entitled to, in law or in equity.

The appellants attach to their petition nu-

merous exhibits which show that each of said elementary districts has a scholastic population of less than 400 and the territory embraced in the proposed rural high school district contains more than 100 square miles and the elementary districts grouped are contiguous. That on April 2, 1929, the school trustees of Wilbarger county, Tex., passed a tentative order for the grouping of the elementary districts above named into the Wilbarger-Foard county line rural high school district No. 10. That on April 6, 1929, the school trustees of Foard county, Tex., regularly passed an order in which, after referring to the action of the county school trustees of Wilbarger county, declared that inasmuch as the Antelope county line common school district was located partly in Foard county and partly in Wilbarger county, a rural high school district be tentatively formed out of the elementary districts heretofore mentioned, to be known as the Wilbarger-Foard county line rural high school district No. 10, and in said order gave the supervision of said county line rural high school district No. 10 to the school trustees of Wilbarger county. That on April 8th the school board of Wilbarger county requested the county judge of Wilbarger county to call an election to be held in the proposed county line rural high school district No. 10, to determine whether or not the elementary districts heretofore mentioned should be grouped and said Wilbarger-Foard county line rural high school district No. 10 established. That in pursuance to said request, the county judge ordered an election, notices thereof were duly posted, and an election in response thereto duly held in each of the elementary districts, and that while a majority of the votes in the Kincheloe elementary district and a majority of the votes in Guggisberg elementary district were against the proposition of grouping, the majority of the votes in the proposed rural high school district was in favor thereof. That on May 14, 1929, the county school board of Wilbarger county, Tex., by an order duly passed, formed and established the Wilbarger-Foard county line rural high school district No. 10 by grouping the Antelope county line school district No. 14, the Kincheloe common school district No. 3, Hanley common school district No. 15, Parsley-Hill common school district No. 36, and the Guggisberg common school district No. 41, and described said district by metes and bounds.

That rural high school district No. 10 had been duly organized, after which trustees for said district had been appointed and qualified about June 1, 1929, entered upon the discharge of their duties as such, called the election for the bond issue and the election for the maintenance tax, employed teachers, and performed all the acts necessary to conduct the affairs of said district, and were in all things functioning as school trustees of said district.

The defendant's answer and motion to dissolve contained numerous exceptions, general and special, and alleged that the acts and things done by all of the appellees relative to the establishing of the rural high school district and the voting of bonds and the maintenance tax were legal. That the elections were held fairly, proper notice given and all qualified voters allowed to participate therein.

There is nothing in the record to indicate that the election held to determine whether or not the county school trustees should establish the rural high school district was conducted unfairly, or fraudulently, or that the result thereof was not a full, fair, and complete expression of the will of the voters.

After a hearing the court sustained appellees' motion and dissolved the temporary restraining orders theretofore granted, and appellants seek to have the action of the trial court reversed: First, because the election held by virtue of the order of the county judge on the application of the county school superintendent is void; second, that article 2922c, Rev. St. 1925, is unconstitutional; and, third, that Kincheloe common school district No. 3 was a high school under the law and could not be grouped, consolidated, or annexed to any other district for school purposes.

Under such conditions as this record reveals, article 2922c authorizes the county school trustees to group contiguous elementary districts so as to form rural high school districts if, at an election called for that purpose, a majority of the qualified voters living in the proposed rural high school district vote in favor thereof. We find no statute specifically declaring what body or what officer shall call such an election. The record shows that by proper order the school trustees of Wilbarger county and the school trustees of Foard county formed the Wilbarger-Foard county line rural high school district No. 10, subject to the approval of the voters in said district, to be determined at an election called for that purpose. That by order of the school trustees of Wilbarger county, the county school superintendent, an ex officio member of said school board, applied to the county judge to order said election. That pursuant to such application or request, the county judge ordered the election in each of said elementary districts. That elections were held therein, the returns made and declared, and that a majority of the voters in the territory voted in favor of grouping said districts and establishing the rural high school district in controversy.

No contention is made that any qualified voter was denied the right to vote or prevented from voting on the question, nor is it claimed that the result of the election was not a full, free, and unhampered expression of the will of the voters in the territory. The sole objection to the election is based on

the fact that the order therefor was issued and signed by the county judge of the county, on request of the secretary of the school board.

█ We are inclined to the view, though it is unnecessary to decide the question in this case, that the order of the election by the county judge would not render it invalid. However, if such fact rendered said election irregular, the validity of the organization of the district and the authority of the trustees to act as such cannot be called in question in this proceeding. "The proper remedy for testing the validity of a corporate organization, or the right of de facto officers to assume and exercise official functions, is by a quo warranto proceeding in the name of the state." Bowen v. Board of School Trustees (Tex. Civ. App.) 16 S.W.(2d) 424, 425, and authorities cited; Kuhn et al. v. City of Yoakum et al. (Tex. Com. App.) 6 S.W.(2d) 91.

█ Article 2922c is a general statute. County Board of School Trustees of Limestone County v. Wilson (Tex. Civ. App.) 5 S.W.(2d) 805. And while in its general application it applies to a limited number of districts, it does apply to all elementary school districts coming within its terms and, in our opinion, is not unconstitutional and discriminatory. Hunt v. Atkinson (Tex. Com. App.) 12 S.W.(2d) 144; O'Brien v. Amerman, 112 Tex. 254, 247 S. W. 270.

Appellants contend that as the school in Kincheloe common school district No. 3 had been classed by the county trustees as a high school, the board could not group, annex, or attach the said Kincheloe common school district to any other district for any purpose.

On July 13, 1928, the school trustees of Wilbarger county made on the minutes this entry: "The following classification of the rural schools were approved by the board: West Vernon, 11 grades; Bourland, 8 grades; Kincheloe, 9 grades. * * *" And continued enumerating in all 29 schools in Wilbarger county and the classification of each as to grades.

The law provides for the consolidation of common school districts and for the maintaining in the consolidated district both elementary schools and a high school, and requires that the instruction in the elementary schools shall not embrace more than the first seven grades. Articles 2806 to 2814, Rev. St. 1925.

The statutes which allow the grouping and annexation for the purpose of forming rural high school districts, authorize the trustees to designate the number of grades that shall be taught in the elementary schools in such rural high school district; but there is no contention that the Kincheloe common school district was consolidated or grouped with any other until the county line rural high school district in question was established.

Article 2678, Rev. St. 1925, has been re-pealed (Acts 1927, c. 181, § 2; Acts 1929, 1st Called Sess., c. 2, § 2), and article 2678a, Vernon's Ann. Civ. St., provides that the county board of school trustees, at the regular meeting in May of each year, or as soon thereafter as practicable, shall classify the schools of the county into elementary schools and high schools for the purpose of promoting efficiency of the elementary schools and establishing high schools at convenient and suitable places.

█ We think it clear that the order of the county school board, entered July 13, 1928, authorizing the teaching of nine grades in the Kincheloe district, did not create said district into a rural high school district, as it was not consolidated with any other common school district and not grouped with any other common school district and not annexed to any other common or independent school district, which are the ways the statutes provide for establishing rural high school districts. The appellants in their pleading designate the Kincheloe district as the Kincheloe common school district No. 3, and the entire record supports this designation as correct.

The judgment is affirmed.