The appellee, Garlynn Common County Line School District No. 13 was in July, 1937 a county line district situated partly within both Garza and Lynn Counties, with jurisdiction for school purposes in Garza County. Contiguous to and immediately south of the Garlynn district is the Graham Consolidated Common School District, one of the appellants herein. The Graham district lies wholly whithin Garza County. Prior to July, 1937 the appellee Magnolia Common School District No. 26 joined the Garlynn district on the west and was situated wholly within Lynn County. Immediately north and west and contiguous to the Magnolia district was the New Lynn Independent School District, situated wholly within Lynn County.
On July 26, 1937, a sufficient number of qualified voters in each of the Garlynn and Magnolia districts petitioned respectively the county judges of Garza and Lynn Counties to call an election to consolidate the two schools to be held within both districts as provided by article 2806, R.C.S., Vernon's Ann.Civ.St. art. 2806. On the same day both county judges granted the respective petitions and issued orders for an election to be held in each of the districts on August 16, 1937, and notices were posted as required by law. On August 6, 1937, ten days after such elections were ordered and notices posted, the other appellant herein, the Lynn County Board of School Trustees, entered an order over the protest of the Magnolia district trustees attempting to group for high school purposes, under article 2922a, Vernon's *Page 1071 
Ann.Civ.St. art. 2922a, the appellee Magnolia district with the New Lynn Independent School District to be known as the "Lynn Rural High School District No. 3".
The consolidation elections for the Garlynn and Magnolia districts were held on August 16, 1936, as originally scheduled, the results duly canvassed by the Commissioners' Courts of the respective counties and respective orders issued declaring the results to be in favor of such consolidation. The appellant Lynn County Board of School Trustees thereafter met on September 18, 1937, and entered an order rescinding and cancelling their prior order of August 6, 1937, which attempted to group the Magnolia district with the New Lynn Independent district.
On November 6, 1937, the county boards of school trustees of each Garza and Lynn Counties passed and entered a joint order attempting to group for high school purposes the appellee Garlynn district with the appellant Graham district, and as an incident to such grouping the two county boards ordered an election to be held on December 4, 1937 in each of the Garlynn and Graham districts.
On November 30, 1937, four days before the date of the last named election, the appellees Garlynn and Magnolia districts, joined by their respective trustees and a number of taxpaying citizens of the two districts, applied for and obtained a temporary restraining order restraining the county boards of each Garza and Lynn Counties, the Graham district and the county school superintendents of each Garza and Lynn Counties from grouping or attempting to group the Graham and Garlynn districts, and from declaring the results of the elections to be held on December 4, 1937, but asked no relief to restrain the holding of the election. The appellees, in their petition, asked that upon final hearing they have judgment declaring void the proposed order for the grouping of the Garlynn and Graham districts and for permanent injunction.
All parties appeared for a hearing before the district court of Garza County on January 10, 1938, at which time a petition in intervention was filed by the purported "Lynn Rural High School District No. 3," adopting the pleadings of the appellants, setting up a plea in abatement, which plea was adopted by the appellants, and several pleas to the merits. By supplemental petitions the appellees asked that the order of the Lynn County School Board of the date of August 6, 1937, be declared void. The court heard the case on its merits and overruled the plea in abatement of the intervener and that of the appellants; declared the order of August 6, 1937 void; and granted the appellees a temporary injunction; and declared the order of the school boards of Garza and Lynn Counties of the date of November 6, 1937, and the election held thereunder on December 4, 1937, a nullity. From such judgment the Graham district and the Lynn County Board of School Trustees have appealed to this court.
The appellants present only one question upon their appeal, and that is that an injunction suit was not the proper remedy to question the validity of the "Lynn Rural High School District No. 3," asserting that the court erred in overruling the plea in abatement of the intervener and appellants and should not have granted the temporary injunction. The appellants contend that the basis of the injunction was an attack upon the creation and existence of a legally existing municipal corporation which could only be attacked by a quo warranto proceeding in behalf of the State.
The validity of the acts of the Lynn county trustees in attempting to create the "Lynn Rural High School District No. 3" was not the subject of appellees original suit in the trial court. The intervener came into the suit and injected the issue into the case of its own accord. The original suit was filed to prevent the grouping of the Graham and Garlynn districts by the county boards of the two counties involved, the jurisdictions of which schools lie wholly within Garza County.
In 32 Tex.Jur. 79, Para. 49, it is said: "It is true, generally speaking, that one who intervenes is bound by the record as it exists at the time he came into the case; that is, he takes the suit as he finds it. Thus he is bound by the issues pleaded, especially where he adopts the plea of one of the parties."
In further support of this proposition see Corzelius v. Cosby Producing Royalty Co. et al., Tex. Civ. App. 52 S.W.2d 270; Ware v. Jones et ux., Tex. Civ. App. 233 S.W. 355, affirmed, Tex.Com.App., 242 S.W. 1022.
We are not unmindful of the rule that a valid and legally existing school district cannot be collaterally attacked. *Page 1072 
Bowen et al. v. Board of School Trustees of Panola County et al., Tex. Civ. App. 16 S.W.2d 424; Ivey et al. v. Keeling et al., Tex. Civ. App.15 S.W.2d 1097; Lewis et al. v. Simmonds et al., Tex. Civ. App.23 S.W.2d 504; Kuhn et al. v. City of Yoakum et al., Tex.Com.App., 6 S.W.2d 91; King's Estate et al. v. School Trustees of Willacy County et al., Tex. Civ. App. 33 S.W.2d 783. In the instant case, however, it is our opinion that the attempt to combine the Magnolia district with the New Lynn district by the Lynn county board was a nullity since the right to vote on the incorporation of the Magnolia and Garlynn districts had been invoked prior to the issuance of the order combining the Magnolia and New Lynn districts. In the case of State ex rel. George et al. v. Baker et al., 120 Tex. 307, 40 S.W.2d 41, in a situation similar to that now under consideration, Judge Critz, speaking for the Supreme Court said (page 42):
"To our minds this suit presents but one question: Did the county board of trustees have the power to defeat the right of the people to, by vote, determine the question as to whether the district should be incorporated by redistricting the territory involved after the election had been duly and legally ordered and advertised, and while such election was still pending? We think that to state the question is to give a negative answer thereto.
 * * * * * *
"It seems to be contended by the defendants in error that, since the county board of trustees had jurisdiction to change, abolish, and subdivide common school districts, and since the territory comprising common school district No. 16 was still a common school district at the time the county board made its order, the making of such order rendered the holding of the election void and of no force. We cannot agree to this contention.
"It is our opinion that, even if it be conceded that the orders of the county board with reference to the territory of district No. 16 would have been in all respects legal in the absence of the pending election, still the right of the people to vote on incorporation, having been first lawfully invoked, would not be interfered with or defeated by the county board pending the holding of the election, and the declaration of its result. This is certainly the correct rule, even if it be conceded that the power of the county board and the right of the people were co-ordinate or equal.
"It is the rule of this state and practically the universal rule that, where coordinate jurisdiction over a particular subject-matter is vested in two distinct tribunals, the tribunal first acquiring jurisdiction has the right to retain jurisdiction until it has completely disposed of all matters and issues so presented to it, and no coordinate tribunal has any right to interfere with the tribunal first acquiring jurisdiction. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; 15 C.J. p. 1134, Par. 583; Id. p. 1161, Par. 367. These authorities involve the power of courts, but we think the same principle applies here.
" * * * What we hold is that the county board of trustees had no jurisdiction in the premises pending the holding of the election here involved and the declaration of its result."
Such being the law it follows that the "Lynn Rural High School District No. 3" never obtained any legal existence because the county school board of Lynn County was without authority to interfere with the lawfully invoked rights of the citizens of the Magnolia and Garlynn districts to vote on the subject of incorporation. Since the purported grouping of the Magnolia district with the New Lynn Independent district was void, it is our opinion that the injunction proceeding herein was proper under the facts in this case, and we cannot agree with appellants that the only proceeding available to the appellees was that of quo warranto. Freeport Independent School Dist. et al. v. Common School Dist. No. 31 et al.,115 Tex. 133, 277 S.W. 97; County Board of School Trustees of Limestone County et al. v. Wilson et al., Tex. Civ. App. 15 S.W.2d 144; Parks et al. v. West et al., 102 Tex. 11, 111 S.W. 726; County School Trustees of Lubbock County et al. v. Harral County Line Independent School Dist. et al., Tex. Civ. App. 95 S.W.2d 204. We overrule the assignment.
The judgment of the trial court is affirmed. *Page 1073