**William W. BROWN, Appellant,**

v.

**Jesus Sergio Lozano DAVILA, Appellee.**

**No. 13–90–010–CV.**

Court of Appeals of Texas,
Corpus Christi.

March 28, 1991.

Van A. Hutchins, Alamo, for appellant.

Ricardo A. Garcia, McAllen, for appellee.

Before NYE, C.J., and SEERDEN and HINOJOSA, JJ.

**14**

## OPINION

SEERDEN, Justice.

This is an action for failure to convey a warranty deed. In February 1981, appellee Jesus Sergio Lozano Davila entered into a contract with Palm Heights West Subdivision (PHWS) for the sale of two parcels of land in Hidalgo County, Texas. The purchase price was to be paid in installments. The contract named PHWS as the seller of the land and Jody Brown signed it above the term "seller." After Davila had paid the purchase price in full, Jody Brown deeded the property to William Brown, her ex-husband, pursuant to their property settlement agreement. Davila sued Jody Brown, William Brown and PHWS, seeking either money damages or title to the property. Jody Brown was served by publication but failed to appear or answer. The remaining parties stipulated to the facts of this case, and the trial court entered findings of fact and conclusions of law in favor of Davila, concluding that title to the property in question rested with him. Only William Brown appeals. As modified, the judgment is affirmed.

■ By his first point of error, appellant contends that the trial court erred in entering judgment because no written contract between himself and appellee was admitted into evidence and appellant properly pleaded and relied upon the statute of frauds. The contract admitted into evidence reflected the sale of the lots to Davila by PHWS with Jody Brown signing on behalf of the corporation. The basis of appellee's claim was that he had entered into two contracts with PHWS for the purchase of two parcels of property. Although the full purchase price was paid by Davila, title by way of a warranty deed was not tendered to him. In fact, Davila learned that title of the land in question had been transferred from Jody Brown to her ex-husband, William Brown. Brown claims that because there was no evidence of an agreement for him to sell the property to appellee, judgment cannot be sustained against him. The trial court's findings, however, are not based on a contract between appellant and appellee. The court's findings were based on the facts that appellee contracted with PHWS and paid the purchase price of the lots in full, at which time he was not tendered the titles to the properties. Therefore, evidence of an agreement between appellant and appellee would be unnecessary in order for appellee to have equitable title to the two lots. Appellee's first point of error is overruled.

■ By his second point of error, appellant alleges that the court erred in awarding title to appellee because appellee's claim is based in equity upon an unrecorded contract. The trial court's conclusions merely state that Davila was a bona fide purchaser and that title therefore rested with him. As a result of this description, we are unable to determine whether the court determined such title was legal or equitable. Because deeds are construed to convey to the grantee the greatest estate possible, and contracts for the sale of land containing no reservation covers the entire rights of the vendor, we will interpret the judgment to grant the greatest interest which would be fee simple legal title to the land in question. *See Cockrell v. Texas Gulf Sulfur Co.*, 299 S.W.2d 672, 675 (Tex. 1956); *Monroe v. Scott*, 707 S.W.2d 132, 133 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.).

■ A review of the record reveals that there is no evidence to support a judgment awarding legal title to appellee. Specifically, no evidence exists which establishes that Jody Brown or PHWS had legal title to the property. *See Day & Co. v. Texland Petroleum, Inc.*, 718 S.W.2d 384, 390 (Tex.App.—Amarillo 1986), *aff'd*, 786 S.W.2d 667 (Tex.1990) (grantor cannot convey to grantee a greater title than he holds). Because pleadings are to be construed liberally, however, appellee's pleading can also be construed as being a plea for equitable title. *See Roark v. Allen*, 633 S.W.2d 804, 809 (Tex.1982). Upon payment of the purchase price and full performance of a contract for sale of real property, a party becomes vested with an equitable title in the land sufficient to enable him to maintain an action for trespass to try title. *See Johnson v. Wood*, 157

S.W.2d 146, 148 (Tex.Comm'n App.1941). There is evidence which shows that appellee paid the purchase price pursuant to the contract. Accordingly, appellee became vested with equitable title to the property in question. We are unable, however, to determine from the judgment whether the court granted legal or equitable title. Because the record shows that appellee is vested with equitable title only, we modify the judgment to reflect that equitable title is properly vested with appellee. Appellant's second point of error is overruled.

By his third point of error, appellant alleges that the trial court erred in its conclusion of law number two wherein it found that at the time of final payment, Davila was a bona fide purchaser without notice because there is no evidence or insufficient evidence to support the finding that he made a final payment or was a bona fide purchaser.

■ In reviewing the factual sufficiency of the evidence in this case, we will review the record to determine whether there is some evidence to support the finding, that the finding is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust, or that the great preponderance of the evidence supports the finding's non-existence. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456, 457 (Tex.1985); *Traylor v. Goulding*, 497 S.W.2d 944, 945 (Tex.1973). In reviewing the legal sufficiency of the evidence, we will examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989). If there is no evidence to support the finding, we will then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.* at 690.

■ The stipulated facts reveal that checks which were introduced into evidence represented final payment on the contracts for the deeds to the property in question. Therefore, there is some evidence to support the court's finding that appellee made final payment on the contract. Appellant

also alleges that the trial court erred in finding that after appellee paid the full purchase price, he was not tendered the titles. The stipulated facts reveal that subsequent to the date that appellee paid the full price, PHWS transferred title of the properties to William Brown. Accordingly, there is some evidence to support the finding that Davila was not tendered titles to the land in question. Appellant's third point of error is overruled.

■ By his fourth point of error, appellant alleges that the trial court erred in entering its conclusion of law number one wherein it held that Davila's contract was with PHWS and payment was made to a shareholder of the corporation, namely Jody Brown, pursuant to the contracts entered into, because 1) no evidence or insufficient evidence exists to support the finding that Davila entered into a contract with the corporation 2) no evidence exists which establishes that Jody Brown is a shareholder of the corporation 3) no evidence exists that payments were made pursuant to the contracts entered into and 4) the contract was not executed by any person with corporate authority or in any corporate capacity. The contract refers to PHWS as "seller" and is signed by Jody Brown. Underneath her signature the word "seller" appears. The parties stipulated to the facts that Jody Brown received checks from Davila and that the checks represent final payment under the terms of the contracts in question. Moreover, at the time of the conveyance to William Brown, Jody Brown represented to him that she had signed the contracts in question, and that she had received payments pursuant to the contract in question. PHWS offered no evidence that Jody Brown was not authorized to enter into the contract or to accept these funds nor have they complained of the trial court's findings, conclusions, or judgment. We hold that there is sufficient evidence to support the finding that Davila entered into the contract with PHWS and that he made payments pursuant to the contract. Appellant's fourth point of error is overruled,

and the judgment of the trial court, as modified, is affirmed.