## MILLHOLLON v. STANTON INDEPENDENT SCHOOL DIST. (No. 244—3438.)*

(Commission of Appeals of Texas, Section A. June 1, 1921.)

1. Statutes ☞195—Expression of one thing excludes another.

The expression of one thing excludes another.

2. Schools and school districts ☞103(2)—Trustees of school district held not to have right to call election for levy of maintenance tax.

As Loc. & Sp. Laws, 35th Leg. (1917) c. 128, creating the Stanton Independent School District, provides in section 19 that the trustees may themselves levy an annual maintenance tax, the trustees, notwithstanding section 23 declares that in all matters not provided for they shall be vested with the rights, powers, and privileges conferred and imposed by the general laws, have no authority to call an election for levy of a maintenance tax pursuant to the general laws, for the local act superseded the general laws, and hence is void, violating Const. art. 7, § 3, declaring that the Legislature may authorize an additional ad valorem tax to be levied and collected in all school districts, provided that a majority of the qualified property taxpaying voters voting at an election to be held for that purpose shall vote such tax, and a tax sought to be levied pursuant to the election should be enjoined.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Injunction suit by J. E. Millhollon against the Stanton Independent School District. Relief denied, and plaintiff appealed, defendant assigning cross-errors. Judgment affirmed by the Court of Civil Appeals (221 S. W. 1109), and plaintiff brings error. Judgments of trial court and Court of Civil Appeals reversed, and case remanded.

Stephen W. Pratt, of Cisco, Royall G. Smith, of El Paso, and Thos. R. Smith, of Colorado, Tex., for plaintiff in error.

Morrison & Morrison, of Big Springs, for defendant in error.

GALLAGHER, J. The Stanton independent school district was originally incorporated for school purposes only, under the general laws of Texas, and as so created and constituted, lawfully and properly issued and sold certain bonds still outstanding, and by an election duly held the board of trustees were duly authorized to levy and collect an annual tax sufficient to pay the interest on, and create a sinking fund for, the ultimate retirement of such bonds.

The Thirty-Fifth Legislature, by special act appearing as chapter 128, on page 510, of the published local and special laws of the regular session of such Legislature, incorporated the Stanton independent school

---

district, including therein its former territory and also additional territory.

This act creates the district, defines its boundaries, provides for the election of a board of trustees and the perpetuation thereof by subsequent elections, authorizes such board of trustees to organize, appoint necessary officers, levy, assess, and collect taxes, and receive all money apportioned to said district out of the available free school fund, and to exercise general authority in the matter of establishing and conducting public free schools in said district.

On July 25, 1918, by order of the board of trustees of said district, an election was held therein on proper petition to determine whether or not a tax, not to exceed 50 cents on the $100 assessed valuation of property within the district, should be levied for the support of public schools therein. The election resulted in favor of the tax levy, and no complaint of irregularities therein is made.

The board of trustees thereafter for the year 1918 levied a tax of 50 cents on the $100 valuation of all property in the new district, and directed, in accordance with the provisions of said act, that fifteen cents of such tax on the property in the old district be placed in the sinking fund, and that the remaining 35 cents of such tax on the property in the old district, and the entire 50 cents tax on the property in the newly added territory, be applied to maintenance.

J. B. Millhollon, the plaintiff in error, was the owner of certain property taxable for said year which was situated in the new territory added to the district by said act. Such property was regularly assessed, and the tax so levied against the same for said year amounted to $101.22. Millhollon failed to pay this tax.

The assessor and collector of taxes for said district was about to seize and sell certain personal property belonging to said Millhollon to satisfy such unpaid tax, whereupon Millhollon sued out a temporary injunction, restraining said school district, its board of trustees, and its assessor and collector of taxes, from seizing or selling any property belonging to him for the purpose of collecting such tax. On final hearing the trial court entered an order restraining the collection of 15 cents on the $100 of such tax so levied, but permitting the collection of the remaining thirty-five cents of such tax. The Court of Civil Appeals affirmed the judgment of the trial court, 221 S. W. 1109.

Plaintiff in error contends that the special act of the Legislature creating said school district does not, either expressly or by implication, confer on its board of trustees the right or power to order an election to determine whether or not a maintenance tax of 50 cents on the $100, or any lesser sum, shall be levied and collected, but attempts to confer the power to levy and collect such tax without any such election, in violation of the Constitution, and that the tax complained of is, on that account, illegal and uncollectable.

[1, 2] The constitutional provision invoked is a part of article 7, § 3, and is as follows:

"And the Legislature may authorize an additional ad valorem tax to be levied and collected within all school districts, heretofore formed or hereafter formed, for the further maintenance of public free schools, and the erection and equipment of school buildings therein; provided, that a majority of the qualified property taxpaying voters of the district, voting at an election to be held for that purpose, shall vote such tax, not to exceed in any one year fifty cents on the one hundred dollar valuation of the property subject to taxation in such district."

The provisions of the special act of incorporation upon which this contention is based are contained in sections 19 and 23 thereof. Section 19 of that act reads in part as follows:

"The board of trustees of said Stanton independent school district, as heretofore provided for, shall have the power and it shall be their duty, to levy and collect an annual ad valorem tax not to exceed fifty cents on the one hundred dollar valuation of taxable property within said district for the maintenance of the public free schools therein, and a tax sufficient to pay interest on, and create sinking fund to pay at maturity the bonds heretofore issued by what is known as Stanton independent school district organized under general laws of this state and which is a part of the district provided by this act; provided further, that the tax to pay interest on, and create a sinking fund to meet bonds at maturity shall only be levied and collected on the property located within the bounds of the district originally formed; and provided further that said tax in said original district shall not exceed fifty cents on the one hundred dollars valuation of taxable property."

The remainder of the section has no relevancy to the issue under discussion.

Section 23 of said special act is as follows:

"As to all matters not provided for in this act, the board of trustees of the independent school district created hereunder shall have and exercise and are hereby vested and charged with all the rights, powers, privileges and duties conferred and imposed by the general laws of this state, now in force or hereafter to be enacted, upon the boards of trustees of independent school districts organized under the general laws of this state."

The Court of Civil Appeals held that section 23 of said special act conferred upon the board of trustees of said school district the rights, powers, privileges, and duties conferred and imposed upon boards of trustees of independent school districts by the general laws of the state, including the right

and power to call such election, submit the issue of the tax levy to the voters of the district and on an affirmative vote to levy the tax complained of. We think the court erred in so construing such section. It is true that the general statute provides for such an election as the trustees here called. Were the special act silent in respect to the power, this general statute would control. But the special act is not silent as to the power. In express contradiction of the general statute it provides that the trustees themselves may levy the tax. This is contrary to the Constitution, and renders the special act void. The special act also excludes entirely the application of the general statute to the power exerted since it declares in effect that only as to matters not covered by it shall the general laws control.

The enumeration of one thing in a statute is, according to the well-known maxim, the exclusion of another. This part of the act is in substance an express declaration that the general statute shall not control with respect to the levying of the tax, since that is a matter embraced within the special act, the act declaring in substance that only as to matters not embraced in the special act shall the general laws control.

Since the Legislature has in effect declared that the general laws shall not apply with respect to the power, we do not see how those laws can be looked to as authority for the exercise of the power. The Legislature must be taken at its word. The application by the courts of the general statute cannot be warranted where the Legislature has in effect declared that the general statute should have no application to the given subject.

We recommend that the judgments of the district court and the Court of Civil Appeals be reversed, and the case remanded to the district court for proceedings in accord with this opinion.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.