### BISHOP v. HOUSTON INDEPENDENT SCHOOL DIST. et al.

#### No. 9445.

Court of Civil Appeals of Texas. Galveston.

Nov. 14, 1929.

Supplemental Opinion Jan. 22, 1930.

On Motion for Rehearing Jan. 20, 1931.

J. S. Bracewell, of Houston, for appellant.

Andrews, Streetman, Logue & Mobley, and M. E. Kurth, all of Houston, for appellees.

PLEASANTS, C. J.

This is a suit for mandatory injunction brought by appellant against the appellee school district, and its officers and agents, to require the admission of his minor daughter, Margaret Anne Bishop, to the district school.

The petition alleges, in substance, that petitioner's daughter, Margaret Anne, had been unlawfully suspended from attendance upon the public free school of the district for an indefinite period of time; that the child so suspended was thirteen years of age, was a resident in the appellee school district, and by the Compulsory Education Law of this state was required to attend school for 100 days in each year, beginning at the opening of the school term; that plaintiff had been before the defendant school board and requested and demanded his daughter's readmission to the school, which request was refused. It was then alleged that the suspension of the pupil was unauthorized and illegal, because it was made without lawful hearing or authority and in violation of the Compulsory Education Statute. It was further alleged that the rule for the violation of which the child was suspended, which prohibited her from taking her lunch during the noon recess of the school at an eating place selected by her father, was unreasonable and void.

It is unnecessary for us to set out the petition at length, nor to state the grounds upon which the reasonableness of the rule is challenged, because, under our construction of the statute invoked by appellant, neither the reasonableness of the rule, nor the jurisdiction of the trial court to determine that question without appellant having first exhausted his remedy by appeal to the higher school authorities, is material in the determination of this appeal.

The trial court sustained a general demurrer to the petition, on the ground that, there being no allegations in the petition showing that appellant had exhausted his remedy by appeal to the highest school authorities, the court was without jurisdiction to hear and

determine the question of the reasonableness of the rule.

We may agree with this holding of the trial court, but the judgment cannot be affirmed unless we also agree with the further conclusion of the trial judge that the principal of the school, with the approval of the school board, had authority to suspend the pupil for her continued violation of the rule before mentioned.

We cannot so construe the statute. Article 2892 of our (1925) Revised Statutes provides: "Every child in this State who is eight years and not more than fourteen years old shall be required to attend the public schools in the district of its residence, or in some other district to which it may be transferred, as provided by law, for a period of not less than one hundred days during each scholastic year. The period of compulsory school attendance at each school shall begin at the opening of the school term unless otherwise authorized by the district school trustees and notice given by the trustees prior to the beginning of such school term; provided that no child shall be required to attend school for a longer period than the maximum term of the public school in the district where such child resides."

Other articles of this statute exempt designated classes of children from its operation, and provide for excuses for noncompliance therewith, and for the method of administering the law.

Article 2898 is as follows: "Any child within the compulsory school attendance ages who shall be insubordinate, disorderly, vicious or immoral in conduct, or who persistently violates the reasonable rules and regulations of the school which he attends, or who otherwise persistently misbehaves therein so as to render himself an incorrigible, shall be reported to the attendance officer who shall proceed against such child in the juvenile court. If such child is found guilty in said court the judge shall have the power to parole said child, after requiring the parent or other person standing in parental relation, to execute a bond in the sum of not less than ten dollars, condition that said child shall attend school regularly and comply with all the rules and regulations of said school. If the superintendent or principal of any school shall report to the attendance officer for said school that said child has violated the conditions of his parole, said attendance officer shall proceed against such child before the judge of the juvenile court, and if such child shall be found guilty of violating the conditions of said parole, the bond shall forthwith be declared forfeited and shall be collected in the same manner as other forfeited bonds under the general laws of this State, and the proceeds of same shall be paid into the available school fund of the common or independent school district. The judge of said court may, after a fair and impartial hearing given to said child, again parole said child, requiring such bond as he may deem prudent, and require said child to again enter school. If said child shall violate the conditions of the second parole and shall be convicted of same he shall be committed to a suitable training school as may be agreed upon by the parent of the child and the judge of the juvenile court in which the child is convicted."

It is clear from the language of the statute that its primary purpose is to compel the regular presence in school of every child subject to its provisions for the length of time specified. This purpose might be often defeated if it was left to the school authorities to determine whether a particular child should be denied the right of attending school, and article 2898, we think, wisely places the authority to determine this question in the juvenile court, and only authorizes that tribunal to keep the child from school when its conduct is vicious or immoral, or it so persistently violates the rules of the school, or otherwise so persistently misbehaves therein as to be deemed incorrigible. Even in cases coming under this provision the child can only be deprived of the right to attend school as a last resort, and must then be committed to a training school.

This statute is mandatory in its language, and under well settled rules of construction the procedure and method prescribed by the statute is exclusive, and when some other method is followed the proceeding is unauthorized and void. Millhollon v. Stanton Independent School District (Tex. Com. App.) 231 S. W. 332.

We are not impressed with the force of appellees' contention that the Legislature did not intend to make the method for suspension of a child within the Compulsory Education Statute, as provided in the article above quoted, exclusive, because the Revised Statutes adopted by the legislature in 1925, which contain this article, also contain article 2904, which provides: "The trustees of schools shall have the power to admit pupils over and under scholastic age, either in or out of the district, on such terms as they may deem proper and just; provided, that in admitting pupils over and under the scholastic age, the school shall not be overcrowded to the neglect and injury of pupils within the scholastic age. They may suspend from the privilege of schools any pupil found guilty of incorrigible conduct, but such suspension shall not extend beyond the current term of the school." This last-quoted article by its terms relates only to children not within the Compulsory Education Statute, and it seems clear to us that the Legislature did not intend by its enactment to provide a different or additional method for the suspension of pupils within the compulsory education statute from that provided in that statute.

■ Counsel for appellee agrees with appellant that, if our construction of the statute is sound, the trial court had jurisdiction to hear and determine the cause of action based on the alleged wrongful denial to appellant's child of a statutory right. If the statute is mandatory and exclusive in the methods of procedure for the suspension of a pupil within the compulsory education statute, the school authorities had no discretion in the matter, and appellant was not required to appeal to them before resorting to the courts for relief.

We are of opinion that the judgment should be reversed, and the cause remanded, and it has been so ordered.

Reversed and remanded.

### Supplemental Opinion.

■ The purpose of this supplemental opinion is to correct or modify the conclusion, expressed in our original opinion, that article 2904 of our Revised Statutes "by its terms relates only to children not within the Compulsory Education Statute." The quoted portion of this conclusion is inaccurate and misleading. There is nothing in the language of the article which would limit the authority to suspend a pupil therein granted to pupils not within the ages specified in the Compulsory Education Statute. But this article of the statute was enacted several years prior to the enactment of the Compulsory Education Statute, and the passage of the latter statute had the effect of limiting the authority to suspend conferred by article 2904 to pupils over or under the ages specified in article 2892. Both of these statutes were brought forward in the 1925 revision for the obvious reason that, without the authority given by article 2904, school authorities would have no express statutory power to suspend pupils not within the specified ages in article 2892, and, by the inclusion of article 2904 in the revision, the Legislature did not intend to provide a different or additional method for the suspension of pupils within the Compulsory Education Statute to that provided in article 2898.

### On Motion for Rehearing.

At the last term of this court we reversed the judgment of the trial court in this case, and remanded the case for retrial. On motion of appellees for rehearing, we certified to the Supreme Court for its decision the controlling questions in the case. The answer of the Supreme Court to the first question certified (29 S.W.(2d) 312) requires that the motion for rehearing be granted, our judgment of reversal be set aside, and the judgment of the trial court affirmed; and it has been so ordered.

Granted.