

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 11, 1967

Honorable W. C. Lindsey
Criminal District Attorney
Jefferson County Courthouse
Beaumont, Texas

Opinion No. M-3

Re: Construction of Article 2898, Vernon's Civil Statutes and Article 2338-1, Vernon's Civil Statutes.

Dear Mr. Lindsey:

You have requested our opinion on the construction of Article 2898 and Article 2338-1, Vernon's Civil Statutes. Your specific questions read as follows:

"1. Was Article 2898 repealed by implication with the enactment of Article 2338-1?

"2. If it was not repealed by implication, can Juvenile Probation Officers, Assistant District Attorneys, and the Texas Youth Council be called upon to furnish their services in administering the law?"

Article 2898, Vernon's Civil Statutes, provides:

"Any child within the compulsory school attendance ages who shall be insubordinate, disorderly, vicious or immoral in conduct, or who persistently violates the reasonable rules and regulations of the school which he attends, or who otherwise persistently misbehaves therein so as to render himself an incorrigible, shall be reported to the attendance officer who shall proceed against such child in the juvenile court. If such child is found guilty in said court the judge shall have the power to parole said child, after requiring the parent or other person standing in parental relation, to execute a bond in the sum of not less than ten dollars, conditioned that said child shall attend school regularly and comply with all the rules and regulations of said school. If the superintendent or principal of any school shall report to the attendance officer for said school that said child has violated the con-

- 9 -

ditions of his parole, said attendance officer shall proceed against such child before the judge of the juvenile court, and if such child shall be found guilty of violating the conditions of said parole, the bond shall forthwith be declared forfeited and shall be collected in the same manner as other forfeited bonds under the general laws of this State, and the proceeds of same shall be paid into the available school fund of the common or independent school district. The judge of said court may, after a fair and impartial hearing given to said child, again parole said child, requiring such bond as he may deem prudent, and require said child to again enter school. If said child shall violate the conditions of the second parole and shall be convicted of same he shall be committed to a suitable training school as may be agreed upon by the parent of the child and the judge of the juvenile court in which the child is convicted."

In construing the provisions of Article 2898, Vernon's Civil Statutes, above quoted, in Bishop v. Houston Independent School Dist., 35 S.W.2d 465 (Tex.Civ.App., 1931), the Court stated:

"It is clear from the language of the statute that its primary purpose is to compel the regular presence in school of every child subject to its provisions for the length of time specified. This purpose might be often defeated if it was left to the school authorities to determine whether a particular child should be denied the right of attending school, and article 2898, we think, wisely places the authority to determine this question in the juvenile court, and only authorizes that tribunal to keep the child from school when its conduct is vicious or immoral, or it so persistently violates the rules of the school, or otherwise so persistently misbehaves therein as to be deemed incorrigible. Even in cases coming under this provision the child can only be deprived of the right to attend school as a last resort, and must then be committed to a training school.

"This statute is mandatory in its language, and under well settled rules of construction the procedure and method prescribed by the statute is exclusive, and when some other method is followed

the proceeding is unauthorized and void. Mill-hollon v. Stanton Independent School District (Tex.Com.App.) 231 S.W. 332."

Article 2338-1 was enacted subsequent to the above cited case. The purpose of Article 2338-1, Vernon's Civil Statutes, is stated in Section 1 as follows:

"The purpose of this Act is to secure for each child under its jurisdiction such care, guidance and control, preferably in his own home, as will serve the child's welfare and the best interest of the state; and when such child is removed from his own family, to secure for him custody, care and discipline as nearly as possible equivalent to that which should have been given him by his parents.

"The principle is hereby recognized that children under the jurisdiction of the court are wards of the state, subject to the discipline and entitled to the protection of the state, which may intervene to safeguard them from neglect or injury and to enforce the legal obligations due to them and from them."

Section 3 of Article 2338-1, Vernon's Civil Statutes, defines the term "delinquent child" as:

". . . any female person over the age of ten (10) years and under the age of eighteen (18) years and any male person over the age of ten (10) and under the age of seventeen (17) years, except as provided in Section 6 of this Act, who

". . .

"(e) habitually violates a compulsory school attendance law of this State; or

". . . ."

Thus it is seen that the provisions of Article 2338-1, Vernon's Civil Statutes, does not repeal the provisions of Article 2898, Vernon's Civil Statutes, but on the contrary is cumulative of and supplemental to its provisions.

You are therefore advised that the school attendance

- 11 -

law is to be enforced by the attendance officer appointed for such purpose or in the absence of such attendance officer by the school superintendent and the peace officers of such county or district. Article 2895, Vernon's Civil Statutes. However, the juvenile officers and other administrators of the provisions of Article 2338-1, Vernon's Civil Statutes, may be called upon to furnish their services whenever it is determined that a child habitually violates a compulsory attendance law of this State.

## S U M M A R Y

The school attendance law is to be enforced by the attendance officer appointed for such purpose pursuant to the provisions of Article 2895, Vernon's Civil Statutes. The juvenile officers, pursuant to the provisions of Article 2338-1, Vernon's Civil Statutes, may be called upon for their services whenever it is determined that a child habitually violated a compulsory attendance law of this State.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

JR:mh

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
W. O. Shultz
James Quick
Wade Anderson
Marietta Payne

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.